IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

HARTFORD CASUALTY INSURANCE
COMPANY, a foreign corporation, as
equitable subrogee and real party in interest
on behalf of Miller & Solomon General
Contractors, Inc.

    Plaintiff,

v.

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY, a foreign
corporation.

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), hereby sues Defendant, CRUM & FORSTER SPECIALTY INSURANCE COMPANY ("Crum & Forster"), and alleges that it is entitled to relief upon the following facts:

### **PARTIES, JURISDICTION, AND VENUE**

1. Jurisdiction in this action is predicated upon diversity of citizenship, 28 U.S.C. § 1332, because the Plaintiff and the Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

2. Plaintiff, Hartford, is a corporation organized and existing under the laws of the State of Indiana, and maintains its principle place of business in the State of Connecticut.

3. On information and belief, Defendant Crum & Forster is a foreign insurance company organized and existing under the laws of Arizona and authorized to do business in the

State of Florida.

4. Miller & Solomon General Contractors, Inc. ("Miller & Solomon") is a general contractor organized and existing under the laws of the State of Florida, and maintains its principle place of business in the State of Florida.

5. Crum & Forster provided a commercial general liability policy on behalf of Miller and Solomon.

6. This court has personal jurisdiction over Crum & Forster because Crum & Forster contracted to insure a person, property, or risk located within the state at the time of contracting and the cause of action arises out of that act.

7. Alternatively, this court has personal jurisdiction over Crum & Forester because the cause of action arises out of its operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

8. Venue is proper in Miami-Dade County because the cause of action accrued in Miami-Dade County.

**GENERAL FACTUAL ALLEGATIONS**

9. This action stems from certain claims relating to the construction of a condominium building known as the Ocean Grande Beach and Marina Condominium in Hillsboro Beach, FL (the "Project").

10. Miller & Solomon served as the general contractor for the Project.

11. Hartford issued payment and performance bonds for the Project on behalf of Miller & Solomon.

12. Crum & Forster issued a commercial general policy (policy number GLO 100 00 09) on behalf of Miller & Solomon for the policy period of December 31, 2002 to December 31,

2003 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A."

13. On or about October 3, 2006, the Ocean Grande Beach & Marina Condominium Association, Inc. filed a complaint against a number of defendants, including Miller & Solomon, alleging defects and deficiencies in the Project (the "Ocean Grande Action"). A true and correct copy of this Complaint is attached hereto as Exhibit "B."

14. Some or all of the alleged defects and deficiencies occurred during the period covered by the Policy.

15. Miller & Solomon demanded coverage under the Crum & Forster Policy.

16. On April 30, 2007, counsel for Crum & Forster agreed to participate in Miller & Solomon's defense of the Ocean Grande Action and stated that it had no objection to Hartford's counsel continuing as mutually agreeable counsel (the "Agreement"). A true and correct copy of this Agreement is attached hereto as Exhibit "C."

17. Hartford satisfied its obligations under the Agreement, and successfully defended the defect claims against Miller & Solomon that were asserted in the Ocean Grande Action.

18. Hartford, as subrogee, made payments in defending Miller & Solomon in order to protect its own interest.

19. In making those payments, Hartford did not act as a volunteer.

20. Hartford was not primarily liable for the debt. Rather, the debt was the obligation of Crum & Forster under the Policy.

21. Hartford paid off the entire debt.

22. Subrogation does not work any injustice to the rights of any third party.

23. Hartford paid attorneys fees and costs in the amount of $1,478,839.69 in providing the necessary lead counsel and associated defense costs for Miller & Solomon in the

Ocean Grande Action.

24. To date, Crum & Forster has failed to reimburse Hartford for any of the costs and fees incurred.

25. Under the policy, Hartford is entitled to reimbursement from Crum & Forster for all costs and fees incurred in defending Miller & Solomon in the Ocean Grande Action.

26. Alternatively, by virtue of the Agreement, Hartford is entitled to reimbursement from Crum & Forster for half of the fees and costs incurred in defending the Ocean Grande Action.

27. Hartford has fully performed all conditions precedent prior to bringing this action or such conditions have been waived and/or excused.

## **COUNT I- DECLARATORY ACTION**

28. Hartford re-alleges and incorporates paragraphs 1-27 as fully set forth herein and further alleges:

29. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, as well as for further relief pursuant to 28 U.S.C. § 2202.

30. A present controversy exists between the parties requiring an immediate and definitive adjudication and determination of the legal rights between the parties with respect to costs and fees incurred in the defense of Miller & Solomon in the Ocean Grande Action.

31. Crum & Forster issued the Policy insuring Miller & Solomon between the dates of December 31, 2002 and December 31, 2003. This Policy is a valid and enforceable contract for insurance coverage.

32. The Ocean Grande Beach & Marina Condominium Association, Inc. alleged that the Project suffered damages resulting from defects and deficiencies as a result of Miller & Solomon's actions or inactions.

33. Hartford provided the mutually agreed upon lead counsel for the defense of Miller & Solomon in the Ocean Grande Action.

34. Hartford and Miller & Solomon, through counsel, demanded that Crum & Forster provide a defense for Miller & Solomon as part of Crum & Forster's contractual duties. In response, Crum & Forster agreed to participate and allow Hartford's counsel to continue as lead counsel.

35. Hartford successfully defended the Ocean Grande Action, and Crum & Forster refuses to reimburse Hartford for the fees and costs it owes.

36. As a result, Hartford has been damaged and seeks a declaration that Crum & Forster is responsible for coverage under the Policy.

37. Hartford has demanded that Crum & Forster provide coverage for the damages under the Policy, but Crum & Forster has failed and/or refused.

38. Hartford has complied with all the conditions precedent and statutory prerequisites in order to pursue this claim.

39. Hartford contends that the Policy provides coverage for all (or in the alternative, some) of the damages suffered by Hartford in defending Miller & Solomon in the Ocean Grande Action.

40. Crum & Forster denies responsibility to provide coverage under the Policy for Hartford's damages.

41. Hartford has sustained actual prejudice in paying the defense costs owed by Crum & Forster and seeks this Court's declaratory judgment regarding the rights and responsibilities of Hartford and Crum & Forster under this policy.

42. Hartford also seeks further relief under 28 U.S.C. § 2202 in the form of a

judgment against Crum & Forster and in Hartford's favor for the defense costs and fees in the amount of $1,478,839.69 that were incurred by Hartford in defending the Ocean Grande Action against Miller & Solomon, as well as pre-judgment interest.

43. A real and justiciable issue exists with respect to the defense costs incurred and the rights of the parties under the policy.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court:

a) Declare that the Policy covers the claims asserted against Miller and Solomon in the Ocean Grande Action;

b) Declare that Crum and Forster had a duty to defend Miller & Solomon in the Ocean Grande Action;

c) Declare that Hartford, as equitable subrogee, is entitled to reimbursement for payments made in the defense of Miller & Solomon in the Ocean Grande Action;

d) Enter judgment against Crum & Forster and in favor of Hartford for the defense costs and legal fees in the amount of $1,478,839.69 that were incurred by Hartford in defending the Ocean Grande Action against Miller & Solomon;

e) Award Hartford prejudgment interest; and

f) Grant any other relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
**(In the alternative)**

44. Hartford re-alleges and incorporates paragraphs 1-27 as fully set forth herein and further alleges:

45. Hartford and Crum & Forster entered in the Agreement attached hereto as Exhibit "C."

46. Hartford successfully defended Miller & Solomon the Ocean Grande Action and satisfied all obligations under the Agreement or such obligations have been waived and/or excused.

47. Crum & Forster has breached the Agreement by failing and/or refusing to pay

6

Hartford for its portion of the fees and costs incurred by Hartford in defending Miller & Solomon in the Ocean Grande Action.

48.     As a result, Hartford has incurred damages totaling $739,419.85 plus pre-judgment interest and costs.

WHEREFORE, Hartford demands judgment against Crum & Forster for damages in the amount of $739,419.85 plus pre-judgment interest, reasonable costs, and any further relief that this Court deems proper and just.

DATED on this 21st day of December, 2010.

                         Respectfully submitted,

                         VEZINA, LAWRENCE & PISCITELLI, P.A.
121 Alhambra Plaza, Suite 1604
Coral Gables, Florida  33134
Telephone:  (305) 443-2043
Facsimile:    (305) 443-2048

By:     s/Timothy S. Taylor
    Timothy S. Taylor
    Florida Bar No. 545015
    Elaine Witherspoon
    Florida Bar No. 0057989