**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 10-24590-CIV-KING**

HARTFORD ACCIDENT AND INDEMNITY
COMPANY,

      Plaintiff,

v.

CRUM & FORSTER SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

HARTFORD ACCIDENT AND INDEMNITY
COMPANY,

      Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE JURY DEMAND OF DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY

**THIS MATTER** comes before the Court on Plaintiff's Motion to Strike the Jury

Demand of Defendant Westchester Surplus Lines Insurance Company (DE #129), filed

February 24, 2012.   Defendant Westchester Surplus Lines Insurance Company

("Westchester") filed a response (DE #156) on March 12, 2012, to which Plaintiff Hartford Accident and Indemnity Company ("Hartford") replied (DE #161) on March 13, 2012.

## I.     Background

### A.     *Hartford v. Crum & Forster Specialty Insurance Company*

On December 22, 2010, Plaintiff filed a Complaint (DE #1) against Defendant Crum & Forster Specialty Insurance Company ("Crum & Forster"). Crum & Forster filed its Answer, Affirmative Defenses and Counterclaim (DE #27) on March 30, 2011. Neither Hartford nor Crum & Forster made a demand for a jury trial.

On October 18, 2011, Plaintiff moved for leave to file an Amended Complaint "to correct a scrivener's error naming an incorrect entity." (DE #34, at 2). The Court granted Plaintiff's Motion. (DE #38). On November 4, 2011, Plaintiff filed an Amended Complaint (DE #39), which differed from the original Complaint only in that Plaintiff's name was changed from "Hartford Casualty Insurance Company" to "Hartford Accident and Indemnity Company." Crum & Forster filed an Amended Answer, Affirmative Defenses, and Counterclaim (DE #44) on December 1, 2011. Again, neither party made a demand for a jury trial.

### B.     *Hartford v. Westchester Surplus Lines Insurance Company*

On April 22, 2011, Plaintiff filed a Complaint for Declaratory and Supplemental Relief against Defendant Westchester in Case No. 11-21430–CV-KMM. On August 8, 2011,

Westchester filed its Answer and Affirmative Defenses (DE #13, Case No. 11-cv-21430). Neither party made a demand for a jury trial.

On November 23, 2011, this Court granted Defendant Crum & Forster's Motion to Consolidate Cases (DE #42). Pursuant to that Order, Case No. 10-24590-CV-JLK and Case No. 11-21430-CV-KMM were consolidated under the first-filed case, Case No. 10-24590-CV-JLK. On December 28, 2011, Plaintiff filed an Amended Complaint (DE #58), which differed from the original Complaint only in that Plaintiff's name was changed from "Hartford Casualty Insurance Company" to "Hartford Accident and Indemnity Company." Westchester filed an Amended Answer and Affirmative Defenses (DE #66) on January 11, 2012. In its Amended Answer, Westchester included the following line: "[Westchester] demands a trial by jury on all questions of fact, if any." *Id.* at ¶86. This was the first time any party requested a trial by jury in the above-styled action.

## II. Discussion

In Plaintiff's Motion to Strike the Jury Demand of Defendant Westchester (DE #129), Plaintiff requests that the Court strike Westchester's demand for a jury trial for two reasons: 1) Westchester waived its right to demand a jury trial; and 2) There is no federal right to a jury trial on all of the issues raised in Hartford's Amended Complaint. The Court will address the issue of waiver first. Finding it persuasive, the Court need not address Plaintiff's argument that Westchester is not entitled to a jury trial under federal law.

Rule 38 of the Federal Rules of Civil Procedure sets out the time period during which a demand for jury must be made. It provides in relevant part:

> (b)   **Demand**. On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

FED. R. CIV. P. 38(b).

An amended or supplemental complaint that fails to raise a new issue does not revive an extinguished right to demand a jury trial. *LaMarca v. Turner*, 995 F.2d 1526, 1545–46 (11th Cir. 1993). New facts that merely clarify the same general issues raised in the original complaint do not create new issues of fact upon which to assert a jury demand. *Id.* In the above-styled action, Plaintiff's initial Complaint and the Amended Complaint raise the exact same issues. The Court granted Plaintiff's motion for leave to file an Amended Complaint only so that Plaintiff could correct a scrivener's error. The sole difference between Plaintiff's Complaint and Amended Complaint is that Plaintiff's name was changed from "Hartford Casualty Insurance Company" to "Hartford Accident and Indemnity Company." Because Westchester did not request a jury in its initial Answer, and Plaintiff's Amended Complaint introduces no new issue that would entitle Westchester to demand a jury trial in its Amended Answer, the Court finds that Westchester's demand for a jury trial has been waived.

## III.    Conclusion

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion to Strike the Jury Demand of Defendant Westchester Surplus Lines Insurance Company **(DE #129)** be, and the same, is hereby **GRANTED.** The trail set to commence on July 9, 2012 (DE #85) shall be tried by the Court without a jury.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 20th day of March, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All counsel of record