IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24590-CIV-KING

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as equitable
subrogee and real party in interest on behalf of
Miller & Solomon General Contractors, Inc.,

    Plaintiff,

v.

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____/

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as
equitable subrogee and real party in
interest on behalf of Miller & Solomon
General Contractors, Inc.,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____/

### DEFENDANT, CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S VERIFIED MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES AND COSTS AGAINST PLAINTIFF (WITH INCORPORATED MEMORANDUM OF LAW)

Defendant Crum & Forster Specialty Insurance Company ("Crum & Forster"), pursuant to S.D. Fla. L. R. 7.3(a) and Florida Statute § 768.79, hereby files its verified motion for

attorneys' fees and non-taxable expenses and costs against Plaintiff Hartford Accident and Indemnity Company ("Hartford") and as grounds therefore states as follows:

## I.   INTRODUCTION

Hartford commenced this action as the purported equitable subrogee of Miller & Solomon General Contractors, Inc. ("Miller & Solomon"), to recover attorneys' fees and expenses that were generated by Hartford defending Miller & Solomon in an underlying lawsuit involving the construction of the Ocean Grande Condominium. On June 15, 2012, this Court entered an order granting Crum & Forster's motion for summary judgment against Hartford (D.E. 195), and on June 21, 2012, entered final judgment in favor of Crum & Forster (D.E. 198). As set forth below, pursuant to Florida Statute § 768.79, Crum & Forster is entitled to recover from Hartford $281,603.00 as reasonable attorneys' fees and $32,084.12 in costs based on Hartford's failure to accept Crum & Forster's proposal for settlement served on December 1, 2011. (D.E. 45)

## II.   CRUM & FORSTER IS ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS FROM HARTFORD PURSUANT TO FLORIDA STATUTE § 768.79

**A.   Attorneys' Fees**

On December 1, 2011, pursuant to Florida Statute § 768.79, Crum & Forster served a proposal for settlement to Hartford in the amount of $150,000. (Crum & Forster's proposal for settlement is attached herein as Exhibit "A") Hartford failed to accept Crum & Forster's proposal for settlement within thirty days of service of the proposal and is therefore deemed rejected.

Florida Statute § 768.79 provides in relevant part:

2

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant *shall* be entitled to recover [its] reasonable costs and attorney's fees . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer. . . (emphasis added)

The Eleventh Circuit has consistently held that Florida Statute § 768.79 is substantive law in diversity cases and is applicable to claims based on state law that are filed in federal court. *See Menchise v. Akerman Senterfitt*, 532 F. 3d 1146, 1150 (11th Cir. 2008); *Horowitch v. Diamond Aircraft Industries, Inc.*, 645 F. 3d 1254, 1258 (11th Cir. 2011); *Jones v. United Space Alliance, LLC*, 494 F. 3d 1306, 1309 (11th Cir. 2007). Because Hartford failed to accept Crum & Forster's December 1, 2011 proposal for settlement, and Crum & Forster ultimately obtained a final judgment in its favor on June 21, 2012, Crum & Forster is entitled to recover its reasonable attorneys' fees and costs incurred from December 1, 2011. *See Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No. 8:10-CV-996, 2011 WL 3793457, at *2 (M.D. Fla. Aug. 25 2011) (plaintiff liable for the defendant's reasonable attorneys' fee "incurred from the date of the Proposal for Settlement"); *Charles v. Home Depot*, No. 09-61907-CIV, 2011 WL 1327341, at * 1 (S.D. Fla. March 17, 2011) (defendant entitled to recover attorneys' fees from plaintiff based on plaintiff's failure to accept settlement offer served under Florida Statute § 768.79).

1. **Loadstar Application**

"Florida has adopted the federal lodestar approach as the foundation for setting reasonable fee awards." *Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No. 8:10-CV-996, 2011 WL 3793457, at * 3 (M.D. Fla. Aug. 25 2011) (citing *Standard Guaranty Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990)). "To determine the loadstar, the reasonable hourly rate is multiplied by the amount of hours reasonably expended on the litigation." *Protective Life Ins.*

*Co. v. Walker*, No. 8:09-CV-363, 2010 WL 1949620, at * 2 (M.D. Fla. May 14, 2010) (citing *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*

In the present case, Crum & Forster incurred **$281,603.00** in reasonable attorneys' fees from December 1, 2011 (the date of serving its proposal for settlement to Hartford) through June 21, 2012 (date of entry of final judgment in favor of Crum & Forster) for which it is entitled to recover from Hartford. (A copy of Crum & Forster's fee bills which provide a description of each billed task is attached herein as Exhibit "B"[1], and the biographies summarizing the experience and qualifications for each timekeeper is attached herein as Exhibit "C")

A summary of the number of hours reasonably expended by each timekeeper and their hourly rate is as follows:

|    | Name<br>*Paralegal | Hours | Hourly Rate | Bill Amount |
|----|---------------------|-------|-------------|-------------|
| 1. | Michael C. Gordon | 440.40 | $235.00 | $103,494.00 |
| 2. | Holly S. Harvey | 310 | $235.00 | $72,850.00 |
| 3. | *Barbara Jasmin Arrechea | 820.70 | $85.00 | $69,759.50 |
| 4. | Daniella F. Friedman | 76 | $235.00 | $17,860.00 |
| 5. | Carly M. Celmer | 37.70 | $180.00 | $6,786.00 |

---

[1] Pursuant to S.D. Fla. L. R. 7.3(8), Crum & Forster has redacted certain entries to prevent the disclosure of privileged information. Moreover, Hartford has filed a notice of appeal in this action. (D.E. 199)

| | | | | |
|---|---|---|---|---|
| 6. | Nanci R. Schanerman | 24.10 | $180.00 | $4,338.00 |
| 7. | Barry L. Davis | 6.30 | $235.00 | $1,480.50 |
| 8. | Daniel R. Lever | 7 | $180.00 | $1,260.00 |
| 9. | *Melaney N. Balsa | 13 | $85.00 | $1,105.00 |
| 10. | *Mitchell T. Holder | 8.5 | $85.00 | $722.50 |
| 11. | *Cyndi E. Gordon | 8.30 | $85.00 | $705.50 |
| 12. | Jessica S. Forbes | 2.90 | $180.00 | $522.00 |
| 13. | Daniel B. Weiss | 2.40 | $180.00 | $432.00 |
| 14. | Perry R. Goodman | 1.60 | $180.00 | $288.00 |
| | **TOTALS:** | **1758.9** | | **$281,603.00** |

Crum & Forster attaches herein as Exhibit "D", the Affidavit of its fee expert Philip Glatzer, Esq. Mr. Glatzer is a partner with the Miami, Florida law firm **Marlow, Connell, Abrams, Adler, Newman & Lewis, P.A.**, and formerly a partner at **Highsmith, Strauss and Glatzer, P.A.** Mr. Glatzer was admitted to the Florida Bar in 1978, and for the past thirty years, his practice has been devoted almost exclusively to insurance related litigation matters, including insurance coverage litigation. (Affidavit of Philip Glatzer at ¶ 1).

As set forth in his Affidavit, taking into consideration the "loadstar" approach, Mr. Glatzer opines that the hourly rates charged by Crum & Forster's counsel and paralegals in this case are reasonable and in line with the customary rates charged by insurance defense law firms in Miami, Florida[2]. (*Id.* at ¶ 6) Mr. Glatzer further opines that the total number of hours claimed

---

[2] Crum & Forster notes that the rates charged by its attorneys and paralegals in the present case in 2011-2012 are significantly less than the rates charged in 2007-2009 by the attorneys and paralegals at Carlton Fields, defense counsel for Hartford and Miller & Solomon, in the underlying lawsuit. In this regard, the hourly rates of partners Patricia Thompson and Timothy

5

by Thornton, Davis & Fein, P.A. in connection with the defense of Crum & Forster (for the period December 1, 2011 through June 21, 2012) "is entirely reasonable in light of the extensive labor required to complete the legal tasks involved." (*Id.* at ¶¶ 3 and 6).

**B.   Non-Taxable Expenses and Costs**

Courts have held that expert witness fees may be awarded as costs under Florida Statute § 768.79. *See Strait v. Busch Entertainment Corp.*, No. 8:05-cv-1864, 2007 WL 496605 (M.D. Fla. Feb. 12, 2007) (citing *Walgreen Co. v. Sklandis*, 895 So. 2d 1201 (Fla. 3d DCA 2005); *Tackett v. Fryer Creek Trucking Comp.*, No. 8:07-cv-2141, 2010 WL 1459737 (M.D. Fla. April 11, 2010) (citing *Stofman v. World Marine Underwriters, Inc.*, 729 So. 2d 959 (Fla. 4th DCA 1999). In the present case, Crum & Forster retained attorney John Bond Atkinson as an expert witness to opine regarding whether Hartford, Miller & Solomon and their defense counsel Carlton Fields, complied with Crum & Forster's litigation guidelines and the reasonableness of the attorneys' fees and expenses Hartford incurred defending Miller & Solomon in the underlying lawsuit. Crum & Forster incurred $20,885.83 in utilizing the services of Mr. Atkinson for which it is entitled to recover from Hartford[3]. (A copy of John Bond Atkinson's invoices are attached herein as Exhibit "F")

Pursuant to Florida Statute § 768.79, Crum & Forster is also entitled to recover costs incurred for electronic research and Pacer which are "ordinary litigation expenses". *New York Life Ins. Co. v. Waxenberg*, No. 8:07-CV-401, 2009 WL 5214986, at * 6 (M.D. Fla. Dec. 29,

---

Taylor, ranged from $265-$325. The hourly rate of associate Kasey Peake was as high as $230 and $260 and the hourly rate of paralegal Soraida Smith was as high as $165- $170. (A copy of various fee bills from Carlton Fields documenting these hourly rates are attached herein as Exhibit "E")

[3] Crum & Forster is only requesting reimbursement of the fees charged by Mr. Atkinson through February 9, 2012, the date the Court granted Hartford's motion in limine to exclude the trial testimony of Mr. Atkinson. (D.E. 96)

2009). In this regard, Crum & Forster incurred $10,440 in Westlaw expenses and $235.44 in Pacer expenses associated with researching various issues that arose during the pendency of this case. (A copy of Westlaw invoices are attached herein as Exhibit "G" and Pacer invoices are attached herein as Exhibit "H") Crum & Forster also incurred $522.75 in electronic research costs utilizing Lexis/Nexis to conduct background searches on various witnesses and entities in this case. (A copy of Lexis/Nexis invoices are attached herein as Exhibit "I")

### Certification of Counsel

In accordance with S.D. Fla. L.R. 7.1(a)(3) and 7.3(b), undersigned counsel certifies that they conferred with Hartford's counsel prior to the filing of the instant motion in a good faith effort to resolve the issues raised herein but were unable to do so.

### Verification of Counsel

In accordance with S.D. Fla. L.R. 7.3(a)(7), counsel for Crum & Forster certifies that the contents of this motion are true and accurate.

_____
Holly S. Harvey, Esq.

STATE OF FLORIDA    )
                    :ss
COUTY OF MIAMI-DADE)

The foregoing instrument was acknowledged before me this _____ day of July, 2012, by Holly S. Harvey, Esq., who is personally known to me or has produced _____ as identification and did take an oath.

_____
NOTARY PUBLIC, State of Florida at Large
My commission expires:



MARIA E. NOLASCO
Commission # EE 078574
Expires March 28, 2015
Bonded Thru Troy Fain Insurance 800-385-7019

7

WHEREFORE the Defendant Crum & Forster Specialty Insurance Company, respectfully requests this Court enter an order awarding Crum & Forster Specialty Insurance Company $281,603.00 as reasonable attorneys' fees and $32,084.12 as reasonable non-taxable costs and expenses from Plaintiff, Hartford Accident and Indemnity Company.

Respectfully submitted,

By: /s/ Holly S. Harvey
**HOLLY S. HARVEY, ESQ.**
Fla. Bar No. 970190
harvey@tdflaw.com
**MICHAEL C. GORDON, ESQ.**
Fla. Bar No. 0149284
gordon@tdflaw.com
**THORNTON, DAVIS & FEIN, P.A.**
80 S.W. 8th Street, Suite 2900
Miami, Florida 33130
Tel: (305) 446-2646
Fax: (305) 441-2374
*Attorneys for Defendant, Crum & Forster*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court on this 20th day of July, 2012, using CM/ECF. WE also certify that the foregoing document is being served on this day on **Timothy S. Taylor, Esq.,** *Ttaylor@taylorvega.com,* Taylor Vega, P.A., 121 Alhambra Plaza, Suite 1604, Coral Gables, FL 33134, *Attorney for Plaintiff;* **Brian Vezey, Esq.,** bvezey@cozen.com, Cozen O'Connor, *Attorneys for Defendant, Westchester Surplus Lines Ins. Co.,* 1221 McKinney Street, Suite 2900, Houston, TX 77010, and **Anaysa Gallardo, Esq.,** agallardo@cozen.com, *Attorneys for Defendant, Westchester Surplus Lines, Inc.,* Cozen O'Connor, 200 S. Biscayne Blvd., Suite 3310, Miami, FL 33131 in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: s/ Holly S. Harvey
**HOLLY S. HARVEY, ESQ.**
Fla. Bar No. 970190
harvey@tdflaw.com

**MICHAEL C. GORDON, ESQ.**
Fla. Bar No. 0149284
gordon@tdflaw.com
**THORNTON, DAVIS & FEIN, P.A.**
Brickell BayView Centre
80 SW 8th Street, Suite 2900
Miami, Florida 33130
Ph:    305-446-2646
Fax:   305-441-2374
*Attorneys for Defendant, Crum & Forster*