# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  10-24590-CV-KING

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as
Equitable subrogee and real party in interest
on behalf of Miller & Solomon General
Contractors, Inc.,

      Plaintiff,

vs.

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY, a foreign
Corporation,

      Defendant.

_____/

## AFFIDAVIT OF PHILIP GLATZER, ESQ.

The Affiant, PHILIP GLATZER, ESQ., after first being duly sworn, deposes and says:

1.     My name is Philip Glatzer and my professional address is: Marlow, Connell et al., 4000 Ponce De Leon Blvd. Coral Gables, Fl. 33146. I have been licensed to practice law in the State of Florida for 34 years, having been admitted to the Florida Bar in July, 1978. I am a member in good standing of all of the state and federal courts of Florida, and I am also a member in good standing of the New York Bar. For the past 30 years, my practice has been devoted almost exclusively to insurance related litigation matters, including insurance coverage litigation. I also have extensive experience in handling appeals in the state and federal appellate

courts of Florida. My employment history is as follows:

| | |
|---|---|
| Highsmith, Strauss and Glatzer, P.A. | 1978-1991 |
| Law Office of David Howland | 1991-2003 |
| Marlow, Connell et al. P.A. | 2003-present |

2.      At the request of Thornton, Davis & Fein, P.A., I agreed to review the Thornton, Davis & Fein file in this matter in order to render an opinion as to the reasonableness, *vel non,* of the attorneys' fees claimed by Crum & Forster Specialty Insurance Company from Hartford Accident and Indemnity Company pursuant to Crum & Forster Specialty Insurance Company's Proposal for Settlement served on December 1, 2011.

3.      This Honorable Court issued its Final Judgment in this matter on June 21, 2012 and, therefore, Thornton, Davis & Fein requested that my opinion as to the reasonableness of the fee claim of Thornton, Davis & Fein be limited to the time period in-between the service of Crum & Forster's Proposal for Settlement on December 1, 2011 and the entry of Final Judgment on June 21, 2012.

4.      I have now performed a review of Thornton, Davis & Fein, P.A.'s file for the relevant time period, and I have also reviewed the billing records of Thornton, Davis & Fein, P.A. for the relevant time period.

5.      The total number of hours claimed by Thornton, Davis & Fein, P.A. attorneys and paralegal for the relevant time period is 1,758.90 and the total amount of fees claimed by Thornton, Davis & Fein, P.A. for the relevant time period is

$281,603.00.

6.      As a result of my review of the file, my in-person conferences with Holly Harvey, Esq., Michael Gordon, Esq. and paralegal Jasmine Arrechea, and based upon my experience as a defense lawyer in insurance related litigation matters, I have reached the opinion that the hourly rates charged by the attorneys and paralegals at Thornton, Davis & Fein, P.A. are entirely reasonable and very much in line with customary rates billed by insurance defense law firms in Miami, Florida. I have also reached the opinion that the total number of hours claimed by Thornton, Davis & Fein, P. A. in connection with its defense of Crum & Forster Specialty Insurance Company in the above-styled matter is entirely reasonable in light of the extensive labor required to complete the legal tasks involved. In reaching my opinions, I have taken into consideration the "lodestar" approach utilized by the state and federal courts of Florida to determine reasonable fee awards and I have also considered the following criteria discussed by the Eleventh Circuit in *Schafler v. Fairway Park Condo. Ass'n.,* 147 Fed.Appx. 113 (11th Cir. 2005):

1.      The time and labor required;

2.      The novelty and difficulty of the questions;

3.      The degree of skill necessary to serve the client properly;

4.      The attorney's inability to accept other employment because he accepted the case;

5.      The customary fee;

6.     Whether the fee is fixed or contingent;

7.     Time limitations imposed by the client or the circumstances;

8.     The amount of damages involved and the relief or results obtained;

9.     The experience, reputation, and ability of the attorneys;

10.    The "undesirability" of the case;

11.    The nature and length of the attorney's professional relationship with the client; and

12.    Awards in similar cases.

FURTHER AFFIANT SAYETH NAUGHT.

DATE: July 13, 2012          _____
                                              PHILIP GLATZER, ESQ.

STATE OF FLORIDA            )
                                              ) : ss
COUNTY OF MIAMI-DADE  )

**THE FOREGOING** document was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgements, this 13th day of July, 2012, by PHILIP GLATZER, ESQ., who:

(X)    is personally known to me; or
( )     has produced _____ as identification; and who;
( )     did or
( )     did not take an oath

and who executed the within document, and who acknowledged that the within document was freely and voluntarily executed for the purposes therein recited.

_____
Notary Public, State of Florida

My Commission Expires:

HARNY JEAN STEWART
MY COMMISSION # EE 107057
EXPIRES: July 27, 2015
Bonded Thru Budget Notary Services

4