UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24590-CIV-KING

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as equitable
subrogee and real party in interest on behalf of
Miller & Solomon General Contractors, Inc.,

    Plaintiff,

v.

CRUM & FORSTER SPECIALTY INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as equitable
subrogee and real party in interest on behalf of
Miller & Solomon General Contractors, Inc.,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STAY PENDING APPEAL

**THIS MATTER** comes before the Court upon Plaintiff Hartford Accident and Indemnity Company's ("Hartford") Motion to Stay Resolution of Defendant Crum & Forster Specialty Insurance Company's ("Crum & Forster") Motion for Attorneys' Fees

and Costs or, Alternative, Motion for Extension of Time to Respond (D.E. #217), filed August 2, 2012. For the following reasons, the Court finds that Plaintiff's Motion should be denied and that the two previous Magistrate Judge's orders granting a stay should be vacated.

## PROCEDURAL BACKGROUND

Plaintiff Hartford's Complaint for Declaratory Decree against Defendant Crum & Forster and Defendant Westchester Surplus Lines was dismissed with prejudice by entry of the Court's Summary Judgment Orders on June 15, 2012. (D.E. #s 194 & 195). Final Judgments for each Defendant were thereafter entered on June 21, 2012 (D.E. #s 196 &198), with retention of jurisdiction for determination of fees and costs.

Prior to the time that either Defendant filed its Motion for Taxation of Costs and Fees, Plaintiff Hartford filed Notices of Appeal seeking review of the Final Orders of Dismissal entered against them by the Court. The Notices of Appeal were filed July 11, 2012. (D.E. #s 199 & 200).

Two days later, on July 13, 2012, Defendant Crum & Forster filed its Motion to Tax Costs (D.E. # 203) in the amount of $14,322.42, which was referred to a Magistrate Judge on July 16, 2012 (D.E. # 204). The next day, on July 17, 2012, the Magistrate Judge, *sua sponte*, entered an Order Staying Defendant Crum & Forster's Motion to Tax Costs, to renew after conclusion of the case on appeal. (D.E. # 207). No consideration was given to the merits of the motion, nor was Crum & Forster given an opportunity to

object to the stay. The Magistrate Judge's *sua sponte* opinion staying resolution of costs was apparently based simply upon the ground that Plaintiff had taken an appeal to the Eleventh Circuit Court of Appeals and that, if the appellate court should reverse the judgments of the court for any reason, the issue of fees and costs would then disappear.[1] This of course deprives Defendant Crum & Forster, without hearing or consideration of the merits, its right to require the Plaintiff to post a supersedeas bond under the provisions of Fed. R. Civ. P. 62(d) if Plaintiff wished a stay of execution for any determination of entitlement to fees and costs.

Defendant Westchester Surplus Lines' consideration of its application for bill of costs in the amount of $10,722.36 (D.E. #205), filed July 16, 2012, was also stayed by entry of an order of the Magistrate Judge Granting Plaintiff Hartford's Motion to Stay, on August 1, 2012. (D.E. #216). This too was without hearing or consideration of Defendant Westchester's entitlement to protection for sums adjudicated and determined to be due it after consideration of its motion.

On July 20, 2012, Defendant Crum & Forster filed a Motion for Attorney's Fees and Non-Taxable Expenses and Costs, seeking an amount of $281,603.00 in attorney's fees and an amount of $32,084.12 in expenses (D.E. #209), which was referred to the Magistrate on July 23, 2012 (D.E. #210). The next day, on July 24, 2012, Plaintiff

---

[1] The affirmance rate for the Eleventh Circuit of civil appeals during the last 12-month period exceeds 84%.

Hartford again filed a Motion to Stay consideration of Defendant's entitlement to costs and fees as the prevailing party in the above-styled case. (D.E. #217).

Before the Court now is Defendant Crum & Forster's Motion for Fees and Expenses (D.E. #209), filed July 20, 2012, and Plaintiff Hartford's Motion to Stay Resolution of Defendant Crum & Forster's Motion for Attorneys' Fees and Non-taxable Expenses and Costs (D.E. #217), filed August 2, 2012.

## **LEGAL ANALYSIS**

The Final Judgments entered in the above-styled case unequivocally reserve jurisdiction for determination of fees and costs. This is routine, customary practice and is a matter that must be considered so that any party wishing to appeal an adverse decision will know the amount of supersedeas bond it will have to post in order to apply for and obtain a stay of a monetary judgment for fees and costs. Here, stays were entered prior to the determination of the amount to which both Crum & Forster and Westchester Surplus Lines will be entitled against Plaintiff and for which, if Plaintiff desires to have a stay, it must post a bond guaranteeing performance of its obligation to pay those sums at the conclusion of the appeal.

Pursuant to Rule 62.1(A) of the Local Rules of the United States District Court for the Southern District of Florida:

> **RULE 62.1 APPEAL BONDS; AUTOMATIC STAY**
>
> **(a) Appeal Bond.** A supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the

judgment, to provide security for interest, costs, and any award of damages for delay. Upon its own motion or upon application of a party the Court may direct otherwise.

**(b) Extension of Automatic Stay When Notice of Appeal Filed.** If within the fourteen (14) days period established by Federal Rule of Civil Procedure 62(a), a party files any of the motions contemplated in Federal Rule of Civil Procedure (62(b), or a notice of appeal, then unless otherwise ordered by the Court, a further stay shall exist for a period not to exceed thirty (30) days from the entry of the judgment or order. The purpose of this additional stay is to permit the filing of a supersedeas bond, which shall be filed by the end of the thirty (30) day period provided herein.

Additionally, Rule 62(d) of the Federal Rule of Civil Procedure mandates the Court's approval of a supersedeas bond for a stay of judgment when a party takes an appeal.

### RULE 62. STAY OF PROCEEDINGS TO ENFORCE A JUDGMENT

**(a) Automatic Stay; Exceptions for Injunctions, Receiverships, and Patent Accountings.**

Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:

\* \* \* \*

**(d) Stay With Bond on an Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after

>obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Rule 62 applies to any appealable order requiring payment. *Cohen v. Metro. Life Ins. Co.*, 334 Fed. App'x 375, 378 (2d Cir. 2009) (citing *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir.1997)). Its purpose is to ensure "that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *Id.*

Certainly, a trial judge has the discretion of staying consideration of Motions for Fees and Costs and entry of a judgment thereon in those instances where <u>the appellate issue is based upon a split of decisions between Circuits, a case of first impression or should be stayed pending an imminent appellate decision on a similar legal issue</u>. It is not an abuse of this discretion, however, for a district court to deny a non-prevailing party's motion for stay where the non-prevailing party has not posted a supersedeas bond. *See ACLU of Nevada v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012) (holding that it was not an abuse of discretion by the district court judge to deny a stay of the execution of an award of attorney's fees where the non-prevailing party neither appealed the award of attorney's fees nor posted a supersedeas bond in accordance with Fed. Rule of Civil Procedure 62(d)).

With the instant Motion for Stay, Plaintiff Hartford has not based its request to the Magistrate for a stay on any of the discretionary factors, nor, indeed upon any factor other than that it filed a Notice of Appeal. No grounds or reasons for the exercise of

discretion for the granting of the stay have been made by Plaintiff. Plaintiff is asking the Court to exercise a discretion based upon nothing more than the filing of a Notice of Appeal. This is not sufficient.

Instead, Plaintiff relies upon unpublished orders of stays entered in the Southern District of Florida by other U.S. Magistrates of this District, as well as unpublished orders of district courts in Oklahoma and Illinois, wherein determination of fees and costs has been deferred until ultimate decision by the Eleventh Circuit Court of Appeals on Final Judgments. *See Morrison v. YTB Int'l. Inc.,* Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 1931127 (S.D. Ill. May 23, 2010); *Gautier v. Jones,* No. CIV-08-445-C, 2009 WL 2929338 (W.D. Okla. Sept. 9, 2009); *Morris v. Ariz. Bev. Co. LLC,* No. 03-60907-CV, 2005 WL 5544958 (S.D. Fla. Jul. 26, 2006); Order Staying Motion to Tax Costs, *Hartford Cas. Ins. Co. v. City of Marathon,* https://ecf.flsd.uscourts.gov/doc1/051110243962 (S.D. Fla. Jan. 4, 2012) (No. 10-10077-CIV-KING/MCALILEY, available on PACER at D.E. #96). The Court does not find persuasive any of the cases cited by Plaintiff, as none of the cases reflect a single instance where the court considered why a discretionary stay should be entered, and each case only states as grounds for a stay a one- or two-line explanation that ". . . an appeal has been filed . . . ."

Accordingly, the Court finds Plaintiff's Motion for Stay of consideration of attorney's fees and costs prior to those fees and costs having been considered,

determined, and judgment entered to be premature. It violates the due process of law required under the procedures of Fed. R. Civ. P. 62(d) for the posting of supersedeas bonds if the appealing party <u>wishes a stay</u>.

After the Magistrate Judge has ruled upon the outstanding Motions for Fees and Costs, pursuant to the Order of this Court of Reference, Plaintiff may then move for a stay of such monetary judgment, either by posting a bond in the amount of 110 percent as required by the Local Rules, or moving for a stay pending appeal of payment of the judgment award of fees and costs.

## **CONCLUSION**

Indulging in a presumption that the judgments and dismissals by this Court, after a thoroughly litigated and intensively briefed and argued case by very experienced lawyers may be reversed, is not sufficient to justify depriving a prevailing party of the determination of its entitlement to fees and costs and the protection of a supersedeas bond. Accordingly, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. Plaintiff Hartford Accident and Indemnity Company's Motion to Stay Resolution of Defendant Crum & Forster Specialty Insurance Company's Motion for Attorneys' Fees and Costs **(D.E. #217)** be, and the same is hereby **DENIED without prejudice** to re-file a Motion for Stay and Approval of a Supersedeas Bond, after attorneys' fees and costs have been set by the Magistrate Judge and approved by this Court.

2. The Order Staying Defendant Crum & Forster's Motion to Tax Costs **(D.E. #207)** and the Order Staying Defendant Westchester's Motion for Bill of Costs **(D.E. #216)** be, and the same are hereby **VACATED**. The Magistrate Judge shall consider, and make a Report and Recommendation on the Motion to Tax Costs and the Motion for Bill of Costs referred for such consideration by this Court's prior Orders (D.E. #s 203, 205 and 209).

3. The Motion by Plaintiff Hartford Accident and Indemnity Company's Motion for an Additional 20 days to Respond to the respective motions by Defendants Crum & Forster and Westchester Surplus Lines Motions for Fees and Costs **(D.E. #217)** be and the same is hereby **GRANTED**. Plaintiff shall have until Friday, August 31, 2012 within which to respond to said motions. Defendant Crum & Forster will have ten (10) days from the date of the Response to file its Reply.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 13th day of August, 2012.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Copies furnished to:
**Magistrate Judge Chris M. McAliley**

***Counsel for Hartford:***
**Miguel Angel Brizuela, Esq.**
Taylor Vega, P.A.
2555 Ponce De Leon Boulevard
Suite 220
Coral Gables, FL 33134
Email: mbrizuela@taylorvega.com

**Elaine Witherspoon, Esq.**
Vezina, Lawrence, & Piscitelli, P.A.
121 Alhambra Plaza
Suite 1604
Coral Gables, FL 33134
Email: ewitherspoon@vlplaw.com

**Timothy Shane Taylor, Esq.**
Taylor Vega, P.A.
121 Alhambra Plaza
Suite 1604
Coral Gables, FL 33134
Email: ttaylor@taylorvega.com

***Counsel for Crum & Forster:***
**Holly S. Harvey, Esq.**
Thornton Davis & Fein
Brickell Bay View Centre
80 SW 8th Street
Suite 2900
Miami, FL 33130
Email: harvey@tdflaw.com

**Michael Charles Gordon, Esq.**
Thornton, Davis & Fein, P.A.
80 SW 8th Street
Suite 2900
Miami, FL 33130
Email: gordon@tdflaw.com

*Counsel for Westchester*:
**Aaron B. Tilley, Esq.**
Cozen O'Connor
45 Broadway
28th Floor
New York, NY 10006
Email: atilley@cozen.com

**Anaysa Gallardo, Esq.**
Cozen O'Connor
200 S Biscayne Boulevard
Suite 4410
Miami, FL 33131
Email: agallardo@cozen.com

**Bryan P. Vezey, Esq.**
Cozen O'Connor
1221 McKinney Street
One Houston Center Suite 2900
Houston, TX 77010
Email: bvezey@cozen.com

**Joseph A. Ziemianski, Esq.**
Cozen O'Connor
1221 McKinney Street
One Houston Center Suite 2900
Houston, TX 77010
Email: jziemianski@cozen.com

**Richard Michael Dunn, Esq.**
Cozen O'Connor
200 S Biscayne Boulevard
Suite 4410
Miami, FL 33131
Email: rdunn@cozen.com