UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24590-CIV-KING

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as equitable
subrogee and real party in interest on behalf of
Miller & Solomon General Contractors, Inc.,

    Plaintiff,

v.

CRUM & FORSTER SPECIALTY INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as equitable
subrogee and real party in interest on behalf of
Miller & Solomon General Contractors, Inc.,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

**ORDER DENYING AND STRIKING
PLAINTIFF'S MOTION FOR POST-JUDGMENT DISCOVERY**

Plaintiff's attempt to add a litigation discovery element to the Court's consideration of post-judgment fees and costs is neither permitted nor appropriate at this stage of the proceedings in the above-styled case. Post-judgment motions for fees and

costs by prevailing party, wherein an appeal has been taken, may be accompanied by such explanation and argument as the movant feels is appropriate for the Court's consideration. Should it be desirable or helpful, the moving party may attach to a timely motion for fees and costs such affidavits or other submissions of expert opinion by competent lawyers trying similar litigation as to the reasonableness of the fees.

To this, the opposing party (Plaintiff herein) should respond with its brief regarding any objection it may have to the motion, accompanied by such affidavits or other legal authorities that it may wish to present, including opinions of such experts as they deem appropriate to the issue. Following this, the moving party may reply if the Court so allows.

The Court then proceeds to a consideration and determination of the issue of fees and costs based upon the written submissions, or if he or she should so elect, oral argument and hearing. The discretion however, is totally vested in the presiding judge to regulate and determine the process whereby this issue is resolved.[1] Justice Powell's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), resolves the issue raised herein with precision and clarity:

> "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee

---

[1] The authority of the Judges to regulate the mechanics of fee applications is clear. *See White v. New Hampshire Dept. of Employment*, 455 U.S. 455 U.S. 445 (1982); *Knighton v. Watkins*, 616 F.2d 795 (5th Cir. 1980); *Brown v. City of Palmetto*, 681 F.2d 1325 (11th Cir. 1982); *Zaklama v. Mount Sinai Med. Center*, 906 F.2d 645 (11th Cir. 1990).

2

> applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.
>
> * * * *
>
> We reemphasize that the district court has discretion in determining the amount of a fee award."

It is therefore,

**ORDERED, ADJUDGED, and DECREED** that the Plaintiff's Motion to conduct post-judgment discovery on the several Defendants' motions for attorney's fees and costs **(D.E. #s 220 and 220-1)** be and the same are hereby **DENIED** and **STRICKEN** from the record.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 16th day of August, 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: Magistrate Judge Chris M. McAliley

    All counsel of record