IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24590-CIV-KING

HARTFORD ACCIDENT AND INDEMNITY COMPANY, a foreign corporation, as equitable subrogee and real party in interest on behalf of Miller & Solomon General Contractors, Inc.,

      Plaintiff,

v.

CRUM & FORSTER SPECIALTY INSURANCE COMPANY, a foreign corporation,

      Defendant.
_____/

## AFFIDAVIT OF EXPERT AS TO REASONABLE ATTORNEYS' FEES

STATE OF FLORIDA    )
                                )
COUNTY OF MIAMI–DADE  )

      BEFORE ME, the undersigned authority, personally appeared Alejandro Espino, Esq. who, after being first duly sworn, deposes and says as follows:

      1.    I am an attorney duly licensed to practice law in the State of Florida and have been in the active practice of law in Florida since September 23, 1997. I am a shareholder and President/Secretary of Peterson & Espino, P.A. I am the recipient of various accolades, including holding the AV Preeminent Peer Review Rating by Martindale-Hubbell and being listed in Florida Trend's Legal Elite, Best Lawyers in America and Super Lawyer's Rising Stars. My Biography is attached as Exhibit "1."

      2.    I have conferred with Timothy S. Taylor, Esq., counsel for the Plaintiff, Hartford Accident and Indemnity Company ("Hartford") regarding the legal services rendered in this



EXHIBIT "B"

action by the attorneys and legal assistants working on behalf of Defendant, Crum & Forster Specialty Insurance Company ("Crum & Forster").

3. I am familiar with the fees customarily charged by attorneys in the area for such services.

4. It is my opinion that Crum & Forster's Motion for Attorneys' Fees is deficient because Crum & Forster fails to apprise Hartford of the terms of any applicable fee agreement with its legal counsel, which runs afoul of the Florida Supreme Court's mandate that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." *Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985). Crum & Forster's Motion renders it difficult, if not impossible, to apply the *Rowe* loadstar methodology to the instant suit because of this grave mistake, because it is unknowable whether the fee requested is in excess of the fee agreement.

5. It is my opinion that the hourly rate charged by Crum & Forster's legal assistants in Crum & Forster's bills predating May 1, 2012 is not reasonable. While Crum & Forster's legal assistants have differing levels of experience and education, ranging from a Bachelor's degree from the University of Florida and twenty years of experience to a high school equivalency diploma and five years of experience, Crum & Forster's bills prior to May 1, 2012 charge the exact same rate for all legal assistants. It is my opinion that Crum & Forster's failure to identify the legal assistant by name for work performed prior to May 1, 2012, results in difficulty determining whether the rate charged and time expended are reasonable. It is my opinion that an individual with a high school equivalency diploma and five years of experience can command a reasonable hourly rate of $15.00 per hour as a legal assistant.

2

6.  It is my opinion that Crum & Forster's legal assistants' time entries reflect tasks that do not fall within the purview of Section 57.104 of the Florida Statutes, and that, in violation of said statute, time entries do not reflect that the work was performed under the supervision of an attorney.

7.  It is my opinion that Crum & Forster expended an unreasonable number of hours that should be excluded from this Court's lodestar analysis when determining the reasonable number of compensable hours, as specifically enumerated in the spreadsheet identifying the number of hours that are unreasonable, which is attached as Exhibit "A" to Hartford's Response in Opposition to Crum & Forster's Verified Motion for Attorneys' Fees and Non-taxable Expenses and Costs. Specifically, it is my opinion that the Court should not award Crum & Forster fees in the following amounts for the following unnecessary work:

   a.  $16,388.50 for unnecessary discovery conducted by Crum & Forster with regard to the underlying lawsuit;

   b.  $67,404.03 for work that is clerical or secretarial in nature;

   c.  $4,244.50 for work that is duplicative, redundant, excessive or unnecessary; and

   d.  $3,307.50 for improper travel time.

8.  I evaluated the factors set forth by the Eleventh Circuit and Florida Supreme Court when applying the lodestar methodology. Specifically, in arriving at the prevailing market rate by lawyers of comparable skill, experience and reputation I considered: (a) the time and labor required, (b) the novelty and difficulty of the questions, (c) the degree of skill necessary to serve the client properly, (d) the attorney's inability to accept other employment because he accepted the case, (e) the customary fee, (f) whether the fee is fixed or contingent, (g) time

3

limitations imposed by the client or the circumstances, (h) the amount of damages involved and the relief or results obtained, (i) the experience, reputation, and ability of the attorneys, (j) the "undesirability" of the case, (k) the nature and length of the attorney's professional relationship with the client, and (l) awards in similar cases. *See Schafler v. Fairway Park Condo. Ass'n.*, 147 Fed. Appx. 113, 115 (11th Cir. 2005).

FURTHER AFFIANT SAYETH NAUGHT.

_____
ALEJANDRO ESPINO, ESQ.

STATE OF FLORIDA )
)
COUNTY OF MIAMI–DADE )

The foregoing instrument was acknowledged before me this 31 day of August, 2012 by Alejandro Espino, Esq. who is [X] personally known to me or [ ] who has produced a Florida Driver's License as identification and who did [ ] / did not [ ] take an oath.

_____
Notary Public
Jayne R. Bersok
Notary Name Typed/Printed/Stamped

[Notary Seal: JAYNE R. BERSOK, MY COMMISSION EXPIRES February 13, 2013, #DD 834620, Bonded thru Notary Public Underwriters, NOTARY PUBLIC, STATE OF FLORIDA]

4