IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24590-CIV-KING

HARTFORD ACCIDENT AND INDEMNITY COMPANY, a foreign corporation, as equitable subrogee and real party in interest on behalf of Miller & Solomon General Contractors, Inc.,

   Plaintiff,

v.

CRUM & FORSTER SPECIALTY INSURANCE COMPANY, a foreign corporation,

   Defendant.
_____

HARTFORD ACCIDENT AND INDEMNITY COMPANY, a foreign corporation, as equitable subrogee and real party in interest on behalf of Miller & Solomon General Contractors, Inc.,

   Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a foreign corporation,

   Defendant.
_____/

### PLAINTIFF HARTFORD ACCIDENT AND INDEMNITY COMPANY'S RESPONSE IN OPPOSITION TO CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S MOTION TO TAX COST WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 7(c) of the Local Rules of the United States District Court for the Southern District of Florida, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1920, Plaintiff Hartford Accident and Indemnity Company ("Hartford"), hereby files its

Response in Opposition ("Response") to the Motion to Tax Costs ("Motion") filed by Defendant Crum & Forster Specialty Insurance Company ("Crum & Forster") and states:

<u>INTRODUCTION</u>

1. On June 15, 2012, the Court entered final summary judgment in Crum & Forster's favor. [DE 195].

2. On June 21, 2012, the Court entered final judgment in favor of Crum & Forster. [DE 197; DE 198].

3. On July 13, 2012, Crum & Forster filed its Motion to Tax Costs against Hartford. [DE 203].

4. Many of the costs that Crum & Forster seeks to tax pertain unnecessary expenditures Crum & Forster incurred. Hartford submits that most deposition transcripts and copying costs were not necessarily incurred by Crum & Forster. Judge King noted that Crum & Forster's discovery was unnecessary:

> 12 [THE COURT:] And by the way, what is the need to take fact
> 13 discovery? Is there any dispute about the dates or anything
> 14 about the fraud in the contract, maybe that Miller and Solomon
> 15 misrepresented? None of that. It's just simply what do the
> 16 contracts say.
>
> * * *
>
> 6 THE COURT: I am not purporting or attempting to
> 7 decide that today, or have you argue it today, but it's a
> 8 straightforward issue of law. What could we -- if you took the
> 9 depositions, what would you take them on? What would you say?
> 10 Would you say, "Is this your signature? Are these the dates?"
> 11 What would you say?
>
> 12 MR. GORDON: I think it goes a little beyond that,
> 13 Your Honor.
> 14 First of all, we asserted numerous defenses in
> 15 response to Hartford's complaint, one of them being that
> 16 Hartford has no right to recover as the subrogor of Solomon
> 17 because they volunteered. Hartford had no legal duty to
> 18 defend.
>
> 19 THE COURT: Any doubt about the fact that they did
> 20 defend? Any doubt about the fact that somebody wrote a letter,
> 21 the date is in here, asking some other insurance companies,

22 maybe yours, maybe Mr. Dunn's, to join in? Some of you did or
23 one of you did, I believe yours did, with the reservation of
24 any rights. It's all right there. What factual issue would
25 you develop?

1 MR. GORDON: The issue is whether or not they had a
2 legal duty to defend.

3 THE COURT: That's a legal issue. What factual,
4 factual, issue?

5 MR. GORDON: We need to get the pertinent contracts
6 from Hartford, the performance bond.

7 THE COURT: In a year, you haven't gotten one? Why
8 don't you ask them today to give you a copy.

9 MR. GORDON: We will. The other issue --

10 THE COURT: Mr. Taylor, can you get them a copy of the
11 contract?

12 MR. TAYLOR: Absolutely, they have gotten copies.
13 They've been monitoring the litigation since day one.

14 THE COURT: If you have got a copy, don't waste
15 everybody's time with asking for another copy.
16 We are getting back to the factual issues. You need
17 depositions to get some facts.

18 MR. GORDON: Right. The other witnesses we wanted to
19 depose, Judge, are witnesses who are experts in the underlying
20 case to establish that the claims in the underlining case were
21 not covered under the policy.

\* \* \*

17 MR. GORDON: Not legal experts. These are people that
18 were involved as, quote unquote, construction experts in the
19 underlying case who will testify regarding the claimed
20 deficiencies in the underlying construction project.

21 THE COURT: Would they be telling me facts about
22 whether or not it was a crane that was lifting a load of steel,
23 for example, or would they be telling me about, well, they read
24 this claim and they decided it wasn't appropriate and here is
25 why? It's the latter, isn't it?

1 MR. GORDON: I believe they would be testifying
2 regarding whether or not there was so-called property damage
3 when it occurred. That issue is relevant and germaine to
4 whether occurred after the Crum and Forster policy --

5 THE COURT: Doesn't the claim that was filed tell us,
6 clearly, whether it was property damage or not? If the claim

3

> 7 is there, if it's a claim for reimbursement for a crane that
> 8 fell over and $300,000 damage because of a hurricane or
> 9 something, or if it's a claim by the owner of the building that
> 10 the ballroom chandeliers weren't hung properly. You see, isn't
> 11 that facts? The claim itself, whatever the claim is, but why
> 12 -- your position is that your coverage was all excluded. None
> 13 of it was for faulty work.
>
> 14 MR. GORDON: Correct.
>
> 15 THE COURT: So if we look at the claim and it's for
> 16 faulty installation of the electrical conduits on the 38th
> 17 floor that had to be ripped out and put in, then we check it
> 18 out. Why do we need an expert to tell me about that?
>
> \* \* \*
>
> 12 MR. GORDON: Another thing, Judge, another defense
> 13 that we have is that Hartford should not be entitled to any
> 14 recovery against my client because, when we issued our
> 15 reservation of rights letter, we told Hartford, "You need to
> 16 comply with Crum and Forster's litigation guidelines." They
> 17 agreed to do that. It's our position that they failed to
> 18 comply with the guidelines. They did no reporting. The
> 19 guidelines say what they say. They say, "You need to do X, Y,
> 20 and Z." It's our position they did do that.
>
> 21 THE COURT: You need a witness to tell me that they
> 22 didn't do X, Y, and Z? You introduce the guidelines into
> 23 evidence. They are agreed to.
>
> 24 MR. GORDON: I understand. I just want to get their
> 25 people deposed.
>
> 1 THE COURT: On what? If they agree, as you say, that
> 2 you told them in your reservation of rights you're going to
> 3 rely on this, then they said fine. What do you need a witness
> 4 for? Can't I accept that paperwork? There is no dispute over
> 5 that.
> 6 Forgive me, I said I wouldn't interrupt you. Do you
> 7 have anything else about who you want to bring and why?

[DE 89-1 at 10-16].

5. Hartford requests that if the Court decides to tax costs in favor of Crum & Forster, that the Court only tax those costs statutorily authorized, such as limiting taxation to deposition/hearing transcripts and photocopying costs that were necessarily incurred. 28 U.S.C. § 1920.

## MEMORANDUM OF LAW

## STANDARD OF REVIEW

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). Congress has delineated which costs are recoverable under Rule 54(d) of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1920. The Court has discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-44 (1987). However, the Court may not tax as costs any items not authorized by statute. *See Crawford Fitting Co.*, 482 U.S. at 440-44.

"When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

Given the fact that some costs may only be taxed when the cost was necessary, where the party requesting that costs fails to explain to the Court with specificity why the costs were "necessarily obtained," the Court should not tax the costs because the Court cannot make a determination. *See Gary Brown & Associates, Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 846 (11th Cir. 2008).

In this case and at this time, Crum & Forster is entitled recovery of certain costs, but not all that it seeks.

## ARGUMENT

### I.     Crum & Forster is not entitled to all costs associated with serving subpoenas.

On January 17, 2012, the Court entered an order declaring that the discovery deadline was February 17, 2012, decreeing that "[n]o discovery will be permitted after this date, in order

5

that the parties and the court have all facts of record prior to the deadline for filing motions and at [the] pre-trial conference." [DE 85 at 3]. Most of the service of process costs that Crum & Forster seeks to tax were served after the discovery deadline and therefore in violation of the Court's order. Specifically, Crum & Forster purports to have served twenty subpoenas on twenty insurers, but upon information and belief, failed to serve these subpoenas within the timeframe delineated by this tribunal. At the Court's December 19, 2011 hearing, Judge King noted Crum & Forster's delay in timely propounding discovery. [DE 89-1 at 4-5]. If the Court permits Crum & Forster to tax the service of process costs incurred in violation of the Court's order, the Court would award Crum & Forster's improper actions.

Crum & Forster has exclusive knowledge as to the date of the subpoenas were served and thus it bears the burden of establishing that it served the subpoenas within the discovery deadline. Unless and until Crum & Forster proves to the Court that it did not violate the Court's order, the Court should refrain from taxing these costs. A review of the Florida Department of Financial Services website reveals that the subpoenas were served on March 1, 2012 in violation of the Court's order. (A true and correct copy of the Florida Department of Financial Services website evidences same is attached hereto as Exhibit "A").

Moreover, Crum & Forster improperly seeks recovery of costs incurred expediting service of process. *See, for example, Woods v. Deangelo Marine Exhaust, Inc.*, No. 08-81579-CIV, 2010 WL 4116571, * 3 (S.D. Fla. Sept. 27, 2010) (When a prevailing party seeks recovery of costs associated with expediting service of process, the prevailing party cannot recover same unless it meets its burden of explaining the need for rush service). Crum & Forster fails to offer an explanation as to why it incurred expenses in expediting service. For example, when Crum & Forster sought to serve the undersigned attorney, the undersigned's legal partner, Daniel R.

6

Vega, Esq., who has filed a notice of appearance in this action, offered to accept service of process on behalf of Hartford's legal counsel Timothy S. Taylor, Esq. but Crum & Forster refused, thereby unnecessarily requiring multiple attempts.  Fees for expedited service were also incurred with regard to Hartford's expert Alejandro Espinso, Esq., Hartford's records custodian and ACN Insurance Company, for which Crum & Forster offers no explanation.  If the Court taxes any services of process costs, then the Court should reduce the amount accordingly.

Additionally, Crum & Forster irregularly seeks private process server expenses that are in excess of the rate charged by the United States Marshals Service.  *See E.E.O.C. v. W&O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000) ("Thus, a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921").  Service of the subpoenas to Hartford's records custodian, CNA Insurance Company, Jan D'Errico, Dino D'Errico, George Hakke, and Patricia H. Thompson, Esq. are in excess of the amount authorized by 28 C.F.R. § 0.114 and therefore should be reduced, should the Court decide to tax any service of process costs.

Hartford submits that, given the fact that Crum & Forster's process server charges $25.00 per document [DE 203-1 at 26], Crum & Forster can only tax $225.00 for service of the subpoenas on the following nine individuals within the discovery deadline: Jan D'Errico, Dino D'Errico, Alejando Espino, Esq., Patricia H. Thompson, Esq., Mark Baker, Lawrence L. Kibbler, George Haake, John R. Medina, and Timothy S. Taylor, Esq.

## II. Crum & Forster is not entitled to recover all costs for deposition and hearing transcripts.

### A. Standard of review.

Taxation of costs incurred "for printed or electronically stored transcripts" is permitted, so long as each was "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  For

7

example, Costs are not "necessarily obtained for use in the case" where "incurred for convenience, to aid in thorough preparation, or for purposes of investigation only….." *W&O, Inc.,* 213 F. 3d at 620-21.

### B. Deposition transcripts.

With regard to deposition transcripts, the Eleventh Circuit has declared that a deposition transcript is "necessary obtained" under limited circumstances. *Id*. at 621. Crum & Forster can only recover those deposition transcripts relied upon by Crum & Forster in its Motion for Summary Judgment. *Id*.

Notably, Crum & Forster improperly seeks to recover miscellaneous expenses paid to its transcribers, which this Court specifically prohibits. *See Duchateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, * 3 (S.D. Fla. Mar. 29, 2012) (prohibiting recovery of "fees for expedited transcripts, compressed or mini-script versions, CD copies, ASCII, and exhibits" as well as "CD Depo Litigation Package"). For example, Crum & Forster requests recovery of the following costs: "E-cd Litigation Package[s]" [DE 203-1 at 13-14] and "Exhibit[s]" [DE 203-1 at 10-12, 14-15]. The Court should not tax Hartford for these costs.

While Hartford does not contest the court reporter costs incurred for the nonappearance of a deposition witness, 28 U.S.C. § 1920 does not authorize taxing the costs for the "Conference facility rental," and thus it should not be taxed. [DE 203-1 at 9].

Excluding the impermissible costs, Crum & Forster can recover certain deposition transcript costs. Hartford lists Alejandro Espino, Esq. as its expert, and thus Crum & Forster should be able to recover the cost of his deposition transcript. [63-1].[1] Crum & Forster can

---

[1] Hartford also listed Janet D'Errico and John Medina, but only to the extent that a defendant injected issues regarding the underlying litigation and improperly sought to re-litigate the underlying litigation. [DE 63-1]. Given the reliance upon the deposition of Janet D'Errico in

recover the following deposition transcripts because it relies upon the following deposition transcripts in support of its motion for summary judgment: Laura Mahler, Lawrence Kibbler, Janet D'Errico, Patricia Thompson, Esq., Daniel Weiss, and Timothy S. Taylor, Esq. [DE 131; DE 134].

Crum & Forster should be precluded from recovering any other deposition cost as the deposition was merely for the convenience of Crum & Forster, to aid its preparation, or for investigation.

The Court should only tax the following amount: (a) Laura Mahler deposition including non-expedited shipping for a total of $747.60 [DE 203-1 at 8]; (b) Certificate of Non-Appearance including non-expedited shipping but excluding the conference facility rental fee for a total of $130.00 [DE 203-1 at 9]; (c) Lawrence L. Kibbler including non-expedited shipping but excluding the exhibits fees for a total of $621.20 [DE 203-1 at 10]; (d) Timothy Taylor, Esq. including the non-expedited shipping but excluding the exhibits fees for a total of $830.55 [DE 203-1 at 11]; (e) Janet D'Errico including non-expedited shipping but excluding the exhibits fees for a total of $747.60 [DE 203-1 at 12]; (f) Daniel Weiss excluding the "E-cd Litigation Package" and excluding the hefty shipping cost for a total of $63.00 [DE 203-1 at 13]; (g) Alejandro Espino including the non-expedited shipping but excluding the exhibits fee for a total of $362.00 [DE 203-1 at 15]. Crum & Forster can only recover $3,501.95 in costs for necessarily obtained deposition transcripts.

---

support of the motion for summary judgment, Hartford does not contest the cost as to her, but does contest any cost as to Mr. Medina due to the fact that any such cost was unnecessarily incurred.

### C. Hearing transcripts.

Hearing transcripts are taxable if necessarily obtained for use in the case. 28 U.S.C. § 1920(2).

With regard to the December 19, 2011 hearing transcript, Crum & Forster claims that it necessarily obtained the transcript to respond to Hartford motion *in limine* and motion for *Daubert* hearing. [DE 203 at 5]. Crum & Forster did not necessarily obtain the December 19, 2011 transcript for those reasons because the transcript was attached to Hartford's motion *in limine* [DE 89-1] and motion for *Daubert* hearing. [DE 90-1]. Accordingly, Crum & Forster's cost was not necessarily incurred and should not be taxed against Hartford. The Court should not tax Hartford for the $140.70 Crum & Forster incurred regarding the December 19, 2011 hearing.

Upon information and belief, Crum & Forster has failed to attach any invoice delineating that the invoice was issued for the January 27, 2012 hearing and has failed to attach proof of payment of $446.22 for said hearing. The Court should not tax the purported cost because Crum & Forster has failed to present sufficient evidence to the tribunal.

Accordingly, the Court should not award Crum & Forster any costs for hearing transcripts.

### III.    Crum & Forster is not entitled to recover all copying costs that it seeks.

Photocopying costs are taxable "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Crum & Forster has failed to state with sufficient specificity the reason why its photocopying costs were necessarily incurred. *See Gary Brown & Associates, Inc.*, 268 Fed. Appx. at 846. The Court should not be tax the photocopying costs on that basis alone.

10

Moreover, Judge King correctly noted [DE 89-1 at 10-16] that Crum & Forster's discovery of the underlying lawsuit was not necessary and thus Crum & Forster should not be permitted to tax these photocopying costs on that basis as well. The mere fact that Crum & Forster elicited a large number of irrelevant documents in discovery does not, *ipso facto*, evince that the photocopying costs were necessarily incurred. For example, Crum & Forster's receipt states that the photocopying costs were incurred "printing underlying case pleadings." [DE 203-1 at 22].

Accordingly, the Court should not award Crum & Forster any photocopying costs as they were not necessarily incurred.

## CONCLUSION

Accordingly, the Court should deny Crum & Forster's Motion.

WHEREFORE, Plaintiff Hartford Accident and Indemnity Company respectfully requests that the Court deny the Motion to Tax Costs filed by Defendant Crum & Forster Specialty Insurance Company and grant such other relief deemed just and proper.

Dated: August 31, 2012.

                                            Respectfully submitted,

                                            TAYLOR VEGA, P.A.
                                            *Counsel for Plaintiff*
                                            2555 Ponce De Leon Blvd., Suite 220
                                            Coral Gables, Florida 33134
                                            Tel: (305) 443-2043
                                            Fax (305) 443-2048

                                  By:    s/ Timothy S. Taylor
                                            TIMOTHY S. TAYLOR
                                            FLA. BAR NO.: 545015
                                            MIGUEL A. BRIZUELA
                                            Florida Bar No. 21465

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **August 31st, 2012**, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Timothy S. Taylor
TIMOTHY S. TAYLOR
Florida Bar No. 545015
MIGUEL A. BRIZUELA
Florida Bar No. 21465
