IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24590-CIV-KING

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as equitable
subrogee and real party in interest on behalf of
Miller & Solomon General Contractors, Inc.,

    Plaintiff,

v.

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as
equitable subrogee and real party in
interest on behalf of Miller & Solomon
General Contractors, Inc.,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____/

## PLAINTIFF HARTFORD ACCIDENT AND INDEMNITY COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S BILL OF COSTS

Pursuant to Rule 7(c) of the Local Rules of the United States District Court for the Southern District of Florida, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1920, Plaintiff Hartford Accident and Indemnity Company ("Hartford"), hereby files its

Response in Opposition ("Response") to the Bill of Costs filed by Defendant Westchester Surplus Lines Insurance Company ("Westchester") and states:

## INTRODUCTION

1. On June 15, 2012, the Court entered final summary judgment in Westchester's favor. [DE 194].

2. On June 21, 2012, the Court entered final judgment in Westchester's favor. [DE 196].

3. On July 16, 2012, Westchester filed its Bill of Costs. [DE 205].

4. In Westchester's Bill of Costs, Westchester seeks to tax transcript costs and photocopying costs in the sum total of $10,722.36. [DE 205 at 1].

5. Although 28 U.S.C. § 1920 authorizes a Court to tax the foregoing transcript and photocopying costs, the Eleventh Circuit requires that the party requesting these costs explain with specificity why the transcript and photocopying costs were necessarily incurred. *See Gary Brown & Associates, Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 846 (11th Cir. 2008). Therein, the Eleventh Circuit affirmed this court's denial of photocopying and transcript costs because the bill of costs "lacked the requisite specificity." *Gary Brown & Associates, Inc.*, 268 Fed. Appx. at 846. The rationale utilized by the Eleventh Circuit is that where the party requesting the cost fails to apprise the Court of its need, the Court cannot apply the mandate of 28 U.S.C. § 1920(2), (4), which only authorizes taxation of these costs when the cost was necessarily incurred. *Id*.

6. Westchester's Bill of Costs should be denied because Westchester has failed to state why the photocopies and transcripts were necessarily obtained. 28 U.S.C. § 1920; *Gary Brown & Associates, Inc.*, 268 Fed. Appx. at 846.

7. The Eleventh Circuit has declared that a deposition transcript is "necessary obtained" where the deponent was enumerated on the party opponent's witness list, where the

transcript is "relied upon" in support of the prevailing party's motion for summary judgment, or when used at trial. *See E.E.O.C. v. W&O, Inc.*, 213 F. 3d 600, 621 (11th Cir. 2000). Given the fact that the instant suit never went to trial, Westchester can only recover the transcript it relied upon in its Motion for Summary Judgment and Hartford's disclosed expert witness. *See W&O, Inc.*, 213 F. 3d at 621. Westchester only relied upon the deposition transcript of Laura Mahler and Hartford only[1] disclosed Alejandro Espino as its expert and thus it can only recover those transcripts. [DE 112].

8. The two taxable transcripts and numerous others contain impermissible additional charges that are not taxable under 28 U.S.C. § 1920. Westchester improperly seeks to tax exhibits, "Depo Disk/Lit Package[s]," "Expert/Tech," and "E-cd Litigation Package[s]." [DE 205-1 at 2-8]. *See Duchateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, * 3 (S.D. Fla. Mar. 29, 2012) (prohibiting recovery of "fees for expedited transcripts, compressed or mini-script versions, CD copies, ASCII, and exhibits" as well as "CD Depo Litigation Package").

9. Hartford submits that with regard to deposition exhibits the Court should only award Westchester $541.45 for the transcript of Alejandro Espino and $611.00 for the transcript of Laura Mahler [DE 205-1 at 3], plus the $15 shipping charge noted in the Laura Mahler invoice [DE 205-1 at 6] for a total sum of $1,167.45.

10. With regard to Westchester's costs pertaining to photocopying, the costs should be denied because Westchester has failed to explain why those copies were "necessarily obtained." 28 U.S.C. § 1920(4). In *Gary Brown & Associates, Inc.*, the Eleventh Circuit

---

[1] Hartford also listed Janet D'Errico and John Medina, but only to the extent that a defendant injected issues regarding the underlying litigation and improperly sought to re-litigate the underlying litigation. [DE 63-1].

affirmed this Court's denial of photocopying costs due to the fact that the requesting party did not state with the "requisite specificity" to permit this Court "to determine whether the documents were necessarily obtained for use in the case." 268 Fed. Appx. at 846.

11. Be that as it may, that photocopying costs were not "necessarily obtained," because, as Judge King noted, the defendants unnecessarily explored facets of the underlying lawsuit. [DE 89-1 at 10-12].

12. Accordingly, only $1,167.45 in costs should be taxed against Hartford.

Wherefore, Plaintiff Hartford Accident and Indemnity Company respectfully requests that the Court or its Clerk deny the Bill of Costs filed by Westchester Surplus Lines Insurance Company.

Dated: August 31, 2012.

    Respectfully submitted,

    TAYLOR VEGA, P.A.
    *Counsel for Plaintiff*
    2555 Ponce De Leon Blvd., Suite 220
    Coral Gables, Florida 33134
    Tel: (305) 443-2043
    Fax (305) 443-2048

    By:    s/ Timothy S. Taylor
            TIMOTHY S. TAYLOR
            FLA. BAR NO.: 545015
            MIGUEL A. BRIZUELA
            Florida Bar No. 21465

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on **August 31st, 2012**, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                   s/ Timothy S. Taylor
                                                   TIMOTHY S. TAYLOR
                                                   Florida Bar No. 545015
                                                   MIGUEL A. BRIZUELA
                                                   Florida Bar No. 21465