UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-cv-24590-JLK

HARTFORD ACCIDENT AND INDEMNITY
COMPANY,
    Plaintiff,
v.

CRUM & FORSTER SPECIALTY INSURANCE
COMPANY,
    Defendant.
_____/

HARTFORD CASUALTY INSURANCE
COMPANY,
    Plaintiff,
v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
    Defendant.
_____/

## ORDER ON DEFENDANT, WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S BILL OF COSTS

**THIS CAUSE** comes before the Court upon Defendant, Westchester Surplus Lines Insurance Company's Bill of Costs[1]. Westchester moves for $10,722.36 in costs pursuant to FRCP 54(d)(1) and against Hartford. Hartford objects generally to Westchester's motion for lack of specificity and specifically as discussed below.[2]

---

[1] DE 205, filed Jul. 16, 2012.
[2] Plaintiff, Hartford Accident and Indemnity Company's Response in Opposition to Defendant Westchester Surplus Lines Insurance Co.'s Bill of Costs, DE 228, filed Aug. 21, 2012.

Generally, a prevailing party is entitled to recover costs under Fed.R.Civ.P. 54(d). *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). However, the Court may only tax those costs authorized by 28 U.S.C. § 1920. *See id.* In relevant part, 28 U.S.C. § 1920 provides that the following costs may be taxed:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008). The burden lies with the objecting party where a party objects to the requested costs. See *E.E.O.C.*, 213 F.3d at 621. The Court's analysis of Westchester's costs and Hartford's objections follows.

### A. Deposition and Hearing Transcripts

Westchester seeks $6,719.00 in deposition and hearing transcript costs from Hartford. Hartford concedes that Westchester is entitled to $1,167.45 in costs for deposition and hearing transcripts. (DE 228 at 3). Hartford objects on three grounds.

First, Hartford argues that Westchester has failed to state with sufficient specificity the reasons for which the requested transcripts were necessary. (DE 228 at 2). Westchester explained in detail which transcripts it used and how they were used[3]. *See*

---

[3] For example, Westchester explained that "[t]he deposition of Janet D'Errico was necessary to determine what work

(DE 205-3 at 2). The Court finds that Westchester has explained its transcript costs with sufficient specificity.

However, Westchester does not explain the copies of other documents found on its invoices for transcripts. Hartford seeks to tax copies for "Exhibits" and "Expert/Tech".[4] It does not explain which exhibits were copied, how many copies or sets of copies it made of each exhibit, or why the exhibits were necessary. Nor does Westchester explain what "Expert/Tech" copies are. Westchester has not provided sufficient specificity for the Court to determine if the copies of "Exhibits" and "Expert/Tech" were necessarily obtained for use in this case or are duplicative of other copies. *See Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, *6 (M.D. Fla. 2007) (disallowing charges for trial exhibits where defendant sought "$11,264 for trial exhibits and trial exhibit books ... without any elaboration in ... affidavit or their [r]esponse ... as to how many copies (or sets of copies) were made or why they were necessarily obtained for use in the case) (citation to record omitted). Therefore, Westchester is not entitled to the costs for copies of documents, other than transcripts, found on its invoices for transcripts.

Second, Hartford objects to recovery of costs for transcripts of proceedings that Westchester did not rely upon in its Motion for Summary Judgment. Hartford cites *U.S. E.E.O.C. v W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000), for its position that deposition

---

was carried out under Hartford's direction as remediation versus work related to the investigation and defense of the construction defect underlying case [sic]." (DE 205-3 at 2).

[4] The "Exhibits" and "Expert/Tech" costs appear in the following invoices: No. 87087, No. 894302, No. 85976, No. 895276, and No. 86130. (*See* DE 205-1 at 2-8). The Court also notes that these documents were charged at $0.50 to $0.60 per page. This is in contrast to the $3.00 to $4.55 per page charged for the transcripts and the $0.10 per page charged for the traditional black and white copies.

transcripts must be used in a party's motion for summary judgment to be taxable. *See* (DE 227 at 8). The Court disagrees with Hartford's interpretation of *U.S. E.E.O.C. v W&O, Inc.*. Instead, the Eleventh Circuit explained in *U.S. E.E.O.C. v W&O, Inc.* that "[t]he question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *See E.E.O.C.*, 213 F.3d at 620-21. As discussed above, Westchester has specifically stated in its memorandum[5] how each deposition was used in the instant case. Such costs are also taxable where depositions are taken during discovery on an issue that existed at the time the deposition was taken. *See id* at 621. The burden of demonstrating that Westchester's depositions were not related to such an issue lies with Hartford. *See id.* The Court finds that Hartford has not met this burden. Therefore, Westchester is not barred from recovering costs for those transcripts that it did not rely upon in its Motion for Summary Judgment.

Third, Hartford objects to recovery of miscellaneous costs related to transcripts. Specifically, Hartford objects to the cost of Depo Disk/Lit Packages, a Rough Disk,[6] and E-cd Litigation Packages. These services are generally for the convenience of counsel and, as such, are not recoverable. *See Goodwall Const. Co. v. Beers Const. Co.*, 824 F.Supp. 1044, 1066 (N.D.Ga. 1992) (deposition costs incurred merely for convenience to counsel are not necessary or recoverable), *aff'd,* 991 F.2d 751 (Fed.Cir.1993); *Johnson v. Commc'ns Supply Corp.*, No. 05–60510–CIV, 2006 WL 3709620, *2 (S.D.Fla. Dec.14,

---

[5] Westchester's Memorandum in Support of Bill of Costs, (DE 205-3).
[6] The Rough Disk cost is found in Invoice No. 85424, dated Jan. 24, 2012. Although Hartford does not make specific reference in its pleadings to the Rough Disk, the Court finds the Rough Disk to be the same type of non-taxable costs as a litigation package.

2006) (declining to award costs for mini-transcripts and disk copies of transcripts because they were incurred for the convenience of counsel); *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, No. 4:06CV655RWS, 2010 WL 1935998, *4, *6 (E.D.Mo. May 10, 2010) (denying request for costs for mini, E-transcript, and rough ASCII because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" under section 1920; further denying request for costs of "litigation support CD–Rom" because such costs were incurred merely for convenience of counsel); *George v. Fla Dept. of Corr.*, No. 07–80029–Civ, 2008 WL 2571348, *6 (S.D.Fla. May 23, 2008) (denying request for costs of transcript delivery fee where defendant failed to demonstrate that the cost was incurred out of necessity, as opposed to mere convenience of counsel); *Suarez v. Tremont Towing, Inc.*, No. 07–21430–CIV, 2008 WL 2955123, *3 (S.D.Fla. Aug.1, 2008) (denying request for costs of delivery of exhibits because such costs were not taxable). Westchester has failed to demonstrate why these services were necessary. Therefore, Westchester is not entitled to the costs for Depo Disk/Lit Packages, a Rough Disk, and E-cd Litigation Packages.

### B. Copying Costs

Westchester seeks $4,003.36 in copying costs from Hartford. Hartford objects to all of Westchester's copying costs. The copies at issue are of documents produced by Hartford in response to Westchester's requests for production, pleadings from the underlying lawsuit, and trial exhibits. (DE 203-2 at 3). Harford objects on two grounds.

First, Hartford argues that Westchester has failed to state with sufficient specificity the reasons for which the requested copying costs were necessary. The burden is on Westchester to show that the copies were necessarily obtained for use in this case. *See Corsair Asset Mgmt., Inc.*, 142 F.R.D. 347, 353 (N.D.Ga. 1992). This should include evidence of the copies use or intended use. *Id.* Westchester indicated on its invoices[7] the specific use of its copies. These include PowerPoint presentations for use at mediation[8] and claim files for witness preparation[9]. The Court finds that these uses constitute sufficient rationale to demonstrate that the copies were necessarily obtained for use in the case. Therefore, the costs related to these uses are recoverable under 28 U.S.C. § 1920(4).

Second, Hartford argues that Westchester's investigation of the underlying lawsuit was unnecessary. The Court considers whether Westchester had a reasonable belief that it was necessary to make the copies at the time they were made. *See E.E.O.C.*, 213 F.3d at 623. The Court finds that at the time Westchester made the copies related to discovery, it had a reasonable belief that they were necessary for use in the case.

However, Westchester is not entitled to the non-taxable costs associated with its copies. The invoices[10] attached to Westchester's Bill of Costs charge for scanning, custom tabs, binders and binding services, optical character recognition (OCR) services, creation of CD masters and their duplication, and E-label endorsement. Hartford does not specifically raise an objection to these costs, but the Court may only tax those costs

---

[7] The invoices, (DE 205-2), were attached to Westchester's Bill of Costs, (DE 205).
[8] (DE 205-2 at 2).
[9] (DE 205-2 at 3).
[10] Invoice Nos. 02-6949, MIA12010117, 02-7158, MIA12010108, and MIA12010032. (DE 205-2 at 2-10).

authorized by 28 U.S.C. § 1920, *see id.* at 620. The Court finds no statutory authorization for taxing these costs and, generally, these types of costs are not recoverable. *See Durden v. Citicorp Trust Bank, FSB,* 2010 WL 2105921, *4 (M.D.Fla. 2010). Therefore, Westchester is not entitled to the costs for scanning, custom tabs, binders and binding services, optical character recognition (OCR) services, creation of CD masters and their duplication, and E-label endorsement.

Westchester fails to explain the cost of color copies it seeks to tax. A review of caselaw from this circuit suggests that a rate of $0.10 to $0.14 per copy is reasonable. *James v. Wash Depot Holdings, Inc.,* 242 F.R.D. 645, 652 (S.D.Fla. 2007) (finding $0.10 per page for copying to be a reasonable rate, but $0.15 to $0.19 per page to be unnecessarily high without factual support). The $1.00 per page rate charged for color copies is not within the range of rates held reasonable in the Southern District of Florida. And copies obtained solely for the convenience of counsel are not recoverable. *See Allen v. Freeman,* 122 F.R.D. 589, 591 (S.D.Fla. 1988). Here, Westchester has not explained how these color copies were not obtained solely for the convenience of counsel. Therefore, Westchester may not recover the additional $0.90 per page over the cost of black and white copies, charged at a rate of $0.10 per page[11].

Nor does Westchester explain the copies of deposition exhibits. Westchester simply states that it seeks $4,003.36 in costs for "copies of trial exhibits and discovery documents." (DE 205-3 at 3). It does not explain which exhibits were copied, how many copies were made of each exhibit, or why the copies were made. Westchester does not

---

[11] Invoice No. 02-6936. (DE 205-2 at 3).

provided sufficient specificity for the Court to determine if the copies of trial exhibits were necessarily obtained for use in this case or are duplicative of other copies. *See Ferguson*, 2007 WL 601921, *6 (M.D.Fla. 2007) (disallowing charges for trial exhibits where defendant sought "$11,264 for trial exhibits and trial exhibit books ... without any elaboration in ... affidavit or their [r]esponse ... as to how many copies (or sets of copies) were made or why they were necessarily obtained for use in the case") (citation to record omitted). Therefore, Westchester is not entitled to the $94.05[12] in costs for deposition exhibits.

Therefore, Westchester is entitled to the following award of costs:

<u>Deposition Transcripts</u>
| | |
|---|---|
| Janet D'Errico | $ 581.10 |
| Alejandro Espino | $ 541.45 |
| Patricia Thompson | $ 444.00 |
| Helen Farrell | $ 406.35 |
| Lawrence Kibbler | $ 483.00 |
| Laura Mahler | $ 626.00 |
| Luann Melillo | $ 242.55 |
| Don Campbell | $ 362.05 |
| <u>Timothy Taylor</u> | <u>$ 642.00</u> |
| Subtotal | **$4328.50** |

<u>Copies</u>
Invoice No.
| | |
|---|---|
| Gulfstream, 02-6949 | $ 0.10 /pg x 300 pg + tx[13] |
| Gulfstream, 02-6936 | $403.56 |
| <u>Gulfstream, 02-7158</u> | <u>$ 0.10 /pg x 160 pg + tx[14]</u> |
| Subtotal | **$451.96** |

<u>Total Costs, Westchester:</u>    $4780.46

---

[12] Invoice No. 6039. (DE 205-2 at 7).
[13] The copies were made in Houston, Texas. The tax rate was 8.25%.
[14] The copies were made in Houston, Texas. The tax rate was 8.25%.

It is **ORDERED, ADJUDGED, and DECREED** that

(1) Defendant, Westchester Surplus Lines Insurance Company's Bill of Costs, (**DE 205**) be, and the same is hereby, **GRANTED in part** and **DENIED in part**, and

(2) Westchester is awarded **$4,780.46 in costs**.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of October, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT of FLORIDA

cc: **All counsel of record**