# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 10-cv-24590-JLK

HARTFORD ACCIDENT AND INDEMNITY
COMPANY,
  Plaintiff,

v.

CRUM & FORSTER SPECIALTY INSURANCE
COMPANY,
  Defendant.
_____/

HARTFORD CASUALTY INSURANCE
COMPANY,
  Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
  Defendant.
_____/

## ORDER ON DEFENDANT, CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S BILL OF COSTS

  **THIS CAUSE** comes before the Court upon Defendant, Crum & Forster Specialty

Insurance Company's Motion to Tax Costs Against Plaintiff[1]. Crum & Forster moves for

$14,322.42 in costs pursuant to FRCP 54(d)(1) and against Hartford. [2] Hartford objects.[3]

---

[1] DE 203, filed Jul. 13, 2012.
[2] Defendant, Crum and Forster Specialty Insurance Company's Motion to Tax Costs Against Plaintiff, DE 203, filed Jul. 13, 2012.
[3] Plaintiff, Hartford Accident and Indemnity Company's Response in Opposition to Crum & Forster Specialty Insurance Company's Motion to Tax Cost, DE 227, filed Aug. 31, 2012.

Generally, a prevailing party is entitled to recover costs under Fed.R.Civ.P. 54(d). *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). However, the Court may only tax those costs authorized by 28 U.S.C. § 1920. *See id.* In relevant part, 28 U.S.C. § 1920 provides that the following costs may be taxed:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008). The burden lies with the objecting party where a party objects to the requested costs. See *E.E.O.C.*, 213 F.3d at 621. The Court's analysis of Crum & Forster's costs and Hartford's objections follows.

## A. Service of Subpoenas

Crum & Forster seeks $1,510.00 in process server costs from Hartford. Hartford concedes that Crum & Forster is entitled to $250.00 in process server costs. Hartford objects on three grounds as to the balance.

First, Hartford objects to recovery of costs for subpoenas served after the discovery deadline[4]. A review of the record[5] indicates that two of the subpoenas were served on March 20, 2012. This is after the February 17, 2012 discovery deadline.

---

[4] On Jan. 27, 2012, the Court entered a scheduling order which set Feb. 17, 2012 as the deadline for all discovery.
[5] Invoice No. 12-002911. (DE 203-1 at 31).

Therefore, Crum & Forster is not entitled to the $300.00 in costs for service of these subpoenas. The Court does not need to address the rush costs associated with these subpoenas.

Second, Hartford objects to recovery of expedited service costs. A review of the record[6] indicates that two of the subpoenas were served on a rush basis. A standard Dade subpoena costs $25.00.[7] These rushed Dade subpoenas generated $80.00 in costs above the cost of a standard subpoena.[8] Crum & Forster does not offer any explanation for the need to rush service in its pleadings or its invoices. Therefore, Crum & Forster is not entitled to the $80.00 in costs above the cost of a standard subpoena.

Third, Hartford objects to recovery of private process server costs that are greater than the United States Marshals Service charges for equivalent service. Private process server costs may be taxed pursuant to 28 U.S.C. § 1920. *Id.* at 624. However, the cost of private service must be commensurate with service by the United States Marshals Service. *See Id.* The current rate charged by the United States Marshals Service for service is $55.00 per hour per marshal, plus travel costs and out of pocket expenses. *See* 28 C.F.R. § 0.114(a)(3) (2008). A review of the record[9] indicates that Crum & Forster seeks costs for standard process service of between $25.00 and $60.00. The Court finds this rate commensurate with service by the United States Marshals Service.

---

[6] Invoice No. 12-001226 and Invoice No. 12-001530. (DE 203-1 at 29-30).
[7] Invoice No. 12-001104. (DE 203-1 at 26).
[8] Invoice No. 12-001226. (DE 203-1 at 29).
[9] DE 203-1.

**B. Deposition and Hearing Transcripts**

Crum & Forster seeks $6,813.47 in deposition and hearing transcript costs from Hartford. Hartford concedes that Crum & Forster is entitled to $3,501.95 in costs for deposition transcripts, but argues for awarding no costs for hearing transcripts. Hartford objects to the transcript costs on five grounds.

First, Hartford objects to recovery of costs for transcripts that Crum & Forster did not rely upon in its Motion for Summary Judgment. Hartford cites *U.S. E.E.O.C. v W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000), for its position that deposition transcripts must be used in a party's motion for summary judgment to be taxable. *See* (DE 227 at 8). The Court disagrees with Hartford's interpretation of *U.S. E.E.O.C. v W&O, Inc.*. Instead, the Eleventh Circuit explained in *U.S. E.E.O.C. v W&O, Inc.* that "[t]he question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *See E.E.O.C.*, 213 F.3d at 620-21. The depositions for which Crum & Forster seeks costs were used in the pleadings.[10] Such costs are also taxable where depositions are taken during discovery on an issue that existed at the time the deposition was taken. *See id* at 621. The burden of demonstrating that Crum & Forster's depositions were not related to such an issue lies with Hartford. *See id.* The Court finds that Hartford has not met this burden. Therefore, Crum & Forster is not barred from recovering costs for those transcripts that it did not rely upon in its Motion for Summary Judgment.

---

[10] Both Crum & Forster and Hartford reference the depositions in support of their respective motions for summary judgment and statements of undisputed facts. *See* (DE 119, 120, 131, 134).

Second, Hartford objects to recovery of miscellaneous costs related to transcripts. Specifically, Hartford objects to five (5) E-cd litigation packages[11]. Generally, such extra services are only for the convenience of counsel and are not recoverable. *See Goodwall Const. Co. v. Beers Const. Co.,* 824 F.Supp. 1044, 1066 (N.D.Ga. 1992) (deposition costs incurred merely for convenience to counsel are not necessary or recoverable), *aff'd,* 991 F.2d 751 (Fed.Cir. 1993); *Johnson v. Commc'ns Supply Corp.,* No. 05–60510–CIV, 2006 WL 3709620, *2 (S.D.Fla. Dec.14, 2006) (declining to award costs for mini-transcripts and disk copies of transcripts because they were incurred for the convenience of counsel); *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.,* No. 4:06CV655RWS, 2010 WL 1935998, *4, *6 (E.D.Mo. May 10, 2010) (denying request for costs for mini, E-transcript, and rough ASCII because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" under section 1920; further denying request for costs of "litigation support CD–Rom" because such costs were incurred merely for convenience of counsel); *George v. Fla. Dept. of Corr.,* No. 07–80029-Civ, 2008 WL 2571348, *6 (S.D.Fla. May 23, 2008) (denying request for costs of transcript delivery fee where defendant failed to demonstrate that the cost was incurred out of necessity, as opposed to mere convenience of counsel); *Suarez v. Tremont Towing, Inc.,* No. 07–21430–CIV, 2008 WL 2955123, *3 (S.D.Fla. Aug.1, 2008) (denying request for costs of delivery of exhibits because such costs were not taxable). Therefore, Crum & Forster is not entitled to the $175.00 in costs for the E-cd litigation packages.

---

[11] Invoice No. 894054 and Invoice No. 898587. (DE 203-1 at 13-14).

Third, Hartford objects to recovery of the cost of renting a conference facility[12]. There is no statutory authority for such a cost. *See* 28 U.S.C. § 1920. Crum & Forster does not explain in its pleadings or invoices why it should recover. Nor does it cite legal authority for the rental costs. Therefore, Crum & Forster is not entitled to the $70.00 in costs for renting a conference facility.

Fourth, Hartford objects to recovery of transcript costs[13] for a transcript that Hartford provided in pleadings[14]. Hartford's pleadings were filed over a month after Crum & Forster ordered[15] the hearing transcript for the December 19, 2011 hearing before the Court. At the time Crum & Forster ordered the transcript, Hartford had not provided the transcript.

Fifth, Hartford argues that Crum & Forster failed to attach proof of payment for the January 27, 2012 hearing transcript. Crum & Forster has since provided proof of payment[16] for the hearing transcript.

## C. Witness Fees

Crum & Forster seeks $280.00 in witness costs from Hartford. Hartford did not object to this cost in its response to Crum & Forster's Motion to Tax Costs. *See* DE 227. Witness fees may be taxed pursuant to 28 U.S.C. § 1920(3). Such fees are limited to an

---

[12] Invoice No. 85108. (DE 203-1 at9).
[13] Invoice No. 00011261. (DE 203-1 at 7).
[14] Hartford's motion *in limine* (DE 89-1) and motion for *Daubert* hearing (DE 90-1). Both were filed Feb. 1, 2012.
[15] The hearing transcript was ordered and delivered on Dec. 19, 2012.
[16] A photocopy of the check for $446.22 to pay for the hearing transcript was attached as Exhibit 1 to Defendant, Crum & Forster Specialty Insurance Company's Reply to Plaintiff's Response in Opposition to Crum & Forster Specialty Insurance Company's Motion to Tax Costs, DE 234.

attendance fee of $40.00 per day per witness, reasonable travel expenses, and a subsistence allowance when attendance requires an overnight stay. *See* 28 U.S.C. § 1821. Crum & Forster's witness costs comply with statutory requirements.


## D. Copying Costs

Crum & Forster seeks $5,718.95 in copying costs from Hartford. Hartford objects to all of Crum & Forster's copying costs. The copies at issue are of documents produced by Hartford in response to Crum & Forster's requests for production, pleadings from the underlying lawsuit, and trial exhibits. (DE 203-2 at 3). Harford objects on two grounds.

First, Hartford argues that Crum & Forster has failed to state with sufficient specificity the reasons for which the requested copying costs were necessary. Here, the burden is on Crum & Forster to show that the copies were necessarily obtained for use in this case. *See Corsair Asset Mgmt., Inc.*, 142 F.R.D. 347, 353 (N.D.Ga. 1992). This should include evidence of the copies use or intended use. *Id.* The copies of the documents produced by Hartford and the pleadings from the underlying lawsuit were made as part of Crum & Forster's discovery efforts. "Copies attributable to discovery are … recoverable." *E.E.O.C.*, 213 F.3d at 623.

However, Crum & Forster does not explain the copies for trial exhibits. Crum & Forster simply states that 29,737 copies of trial exhibits were made. It does not explain which exhibits were copied, how many copies were made of each exhibit, or why the

copies were made. It also does not explain why two sets of copies[17] were required. Crum & Forster has not provided sufficient specificity for the Court to determine if the copies of trial exhibits were necessarily obtained for use in this case or are duplicative of other copies. *See Ferguson v. Bombardier Servs. Corp.*, 2007 WL 601921, *6 (M.D.Fla. 2007) (disallowing charges for trial exhibits where defendant sought "$11,264 for trial exhibits and trial exhibit books ... without any elaboration in ... affidavit or their [r]esponse ... as to how many copies (or sets of copies) were made or why they were necessarily obtained for use in the case") (citation to record omitted). Therefore, Crum & Forster is not entitled to the $3,818.23 in costs for trial exhibits.

Crum & Foster also fails to explain the cost of color copies it seeks to tax. A review of caselaw from this circuit suggests that a rate of $0.10 to $0.14 per copy is reasonable. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D.Fla. 2007) (finding $0.10 per page for copying to be a reasonable rate, but $0.15 to $0.19 per page to be unnecessarily high without factual support). And copies obtained solely for the convenience of counsel are not recoverable. *See Allen v. Freeman,* 122 F.R.D. 589, 591 (S.D.Fla. 1988). The $0.90 per page rate charged for color copies is not within the range of rates held reasonable in the Southern District of Florida. Crum & Forster has not explained how these color copies were not obtained solely for the convenience of counsel. Therefore, Crum & Forster may not recover the additional $0.78 per page over the cost of black and white copies, charged at a rate of $0.12 per page[18].

---

[17] Invoice No. 2-59813. (DE 203-2 at 3).
[18] Invoice No. MIA12020030. (DE 203-1 at 20).

Second, Hartford argues that Crum & Forster's investigation of the underlying lawsuit[19] was unnecessary. The Court should consider whether Crum & Forster had a reasonable belief that it was necessary to make the copies at the time they were made. *See E.E.O.C.*, 213 F.3d at 623. The Court finds that at the time it made the copies related to discovery, Crum & Forster had a reasonable belief that the copies were necessary for use in the case. The Court need not decide whether the copies of trial exhibits were necessarily obtained because those copies are not sufficiently explained.

Therefore, Crum & Forster is entitled to the following award of costs:

Subpoenas

| | |
|---|---|
| Joan D'Errico | $ 60.00 + $2.00 |
| Dino D'Errico | $ 60.00 + $2.00 |
| Alejandro Perez | $ 25.00 + $2.00 |
| Patricia Thompson | $ 25.00 + $60.00 /hr x 1 hr |
| Mark Baker | $ 25.00 x 2 + $2.00 |
| Lawrence Kibbler | $ 25.00+ $2.00 |
| George Haake | $ 60.00 + $2.00 |
| John Medina | $ 25.00 x 3 |
| Timothy Taylor | $ 25.00 x 3 + $2.00 + $60.00 /hr x 3 hr |
| Alejandro Espina | $ 25.00 + $2.00 |
| Subtotal | **$736.00** |

Transcripts
    Hearings on:
        Motion to Extend Deadlines,
        December 19, 2012                    $ 140.70
        Motion to Compel Better Discovery
        Responses, February 2, 2012          $ 446.22
    Deposition Transcripts of:
        Laura Mahler                         $ 747.60
        John Medina (attendance)             $ 130.00
        Lawrence Kibler                      $ 621.20
        Timothy Taylor                       $ 830.55

---

[19] The instant case is an insurance subrogation action. The action stems from claims against the general contractor of a condominium construction project, the Ocean Grande Beach and Marina Condominium, for defects and deficiencies.

| | |
|---|---|
| Dino & Janet D'Errico | $ 747.60 |
| Holly Harvey | $   85.05 |
| Jessica Forbes | $ 277.20 |
| Dan Weiss | $   83.00 |
| Luann Melillo | $ 242.55 |
| Don Campbell | $ 362.05 |
| Alejandro Espino | $ 357.00 |
| Patricia Thompson | $ 569.85 |
| Subtotal | **$5640.57** |

Witness Fees
**$280.00**

Copies
  Invoice No.

| | |
|---|---|
| IKON, MIA12010020 | $ 642.87 |
| IKON, MIA12010129 | $ 113.51 |
| IKON, MIA12020030 | $ 215.00 + $0.12 /pg x 60 pg + tx |
| American Quality, 0212-007 | $ 590.95 |
| Broward Clerk, 20121YC1A007384 | $ 265.00 |
| Subtotal | **$1850.08** |

Total Costs, Crum & Forster:        **$8506.65**

It is **ORDERED, ADJUDGED, and DECREED** that

(1) Defendant, Crum & Forster Specialty Insurance Company's Bill of Costs, (**DE 203**) be, and the same is hereby, **GRANTED in part** and **DENIED in part**, and

(2) Crum & Forster is awarded **$8,506.65 in costs**.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of October, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT of FLORIDA

cc: All counsel of record