UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24590-CIV-KING

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, a foreign corporation, as equitable
subrogee and real party in interest on behalf of
Miller & Solomon General Contractors, Inc.,

    Plaintiff,

v.

CRUM & FORSTER SPECIALTY INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

## ORDER DETERMINING ATTORNEYS' FEES

THIS MATTER comes before the Court upon Defendant Crum & Forster Specialty Insurance Company's ("Crum & Forster") Motion for Attorney's Fees, Expenses and Costs, pursuant to S.D. Fla. Local Rule 7.3(a) and Fla. Stat. § 768.79.[1]

### I. PROCEDURAL BACKGROUND

Plaintiff Hartford Accident and Indemnity Company ("Hartford") commenced this action as the purported equitable subrogee of Miller & Solomon General Contractors, Inc., to recover attorney's fees and expenses that were generated by Hartford in defending

---

1 The matter has been fully briefed with the filing of Plaintiff Hartford Accident and Indemnity Company's Response filed August 31, 2012 (D.E. 226) and Crum & Forster's Reply Memorandum filed September 24, 2012 (D.E. 233).

Miller & Solomon in a separate, underlying lawsuit involving the construction of the Ocean Grande Condominium. Crum & Forster answered and counterclaimed for declaratory relief (D.E. 41). Pursuant to Fla. Stat. § 768.79, Crum & Forster served Hartford with a proposal for settlement on December 1, 2011 (D.E. 209-1). After extensive briefing and oral argument on the several Motions for Summary Judgment by the respective parties during May 2012, this Court granted Crum & Forster's Motion for Summary Judgment Against Hartford on June 15, 2012. This was followed by entry of a Final Judgment in favor of Crum & Forster on June 21, 2012 (D.E. 198).

This Verified Motion for Fees and Costs (D.E. 209) was filed by Crum & Forster on July 20, 2012.

Defendant's Motion seeks recovery of $281,603.00 as reasonable attorney's fees plus non-taxable expenses and costs for an additional $32,084.12 (Glatzer Aff., D.E. 209).

## II. DISCUSSION

Florida's Offer of Judgment Statute allows a prevailing party to shift the expenses of litigation to the party that rejects a reasonable offer. Florida Statute § 768.79 provides in relevant part:

> "In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover [its] reasonable costs and attorney's fees . . . from the date of filing of the offer if the judgment is one

> of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer . . ."

This expense shifting is designed to encourage settlement of disputes without the necessity of having to resort to court resolution.

The Eleventh Circuit has consistently held that Florida Statute § 768.79 is substantive law in diversity cases and is applicable to claims based on state law that are filed in federal court. *See Menchise v. Akerman Senterfitt*, 532 F. 3d 1146, 1150 (11th Cir. 2008); *Horowitch v. Diamond Aircraft Industries, Inc.*, 645 F. 3d 1254, 1258 (11th Cir. 2011); *Jones v. United Space Alliance, LLC*, 494 F. 3d 1306, 1309 (11th Cir. 2007). *See Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No. 8:10-CV-996, 2011 WL 3793457, at *2 (M.D. Fla. Aug. 25 2011) (plaintiff liable for the defendant's reasonable attorneys' fee "incurred from the date of the Proposal for Settlement"); *Charles v. Home Depot*, No. 09-61907-CIV, 2011 WL 1327341, at *1 (S.D. Fla. March 17, 2011) (defendant entitled to recover attorneys' fees from plaintiff based on plaintiff's failure to accept settlement offer served under Florida Statute § 768.79).

Hartford takes a legal position in its opposition to the applicability of § 768.79 contending the settlement ". . . is invalid and therefore unenforceable because: (a) the proposal for settlement falls outside the purview of § 768.79 of the Florida Statutes; and (b) the proposal for settlement is too ambiguous to be enforceable." Plaintiff's legal analysis is based upon an interpretation that its original Complaint is not a civil action for damages as required by the Offer of Judgment Statute (D.E. 226). Hartford argues that

the instant case is no more than an action for declaratory judgment. Plaintiff relies upon state cases where Florida courts have held that particular proceedings, such as forfeiture and will revocation, were not civil actions for damages under the Statute.[2]

Defendant Crum & Forster cites *Nelson v. Marine Group of Palm Beach, Inc.*, 677 So. 2d 998 (Fla. Dist. Ct. App. 1996) in opposition.

In *Nelson*, Florida's Fourth District Court of Appeals found that the Offer of Judgment Statute can apply to a declaratory judgment. There, the buyer of a yacht appealed a decision and award of attorney's fees in favor of the yacht's broker and seller arising from a breach of a purchase contract. The court reasoned that although the action was brought as a request for declaratory judgment, the real issue was an escrowed deposit of liquidated damages and that, therefore, Fla. Stat. § 768.79 applied.

As this Court explained in its Final Summary Judgment,[3] the instant case is a contract dispute controlled by the terms of a defense agreement contract[4] (the Defense

---

2 For example, *Rosado v. Bieluch*, 827 So. 2d 1115 (Fla. 4th DCA 2002) (finding that forfeiture action, as an in rem proceeding, is not a civil action for damages because its purpose was to determine interests in a unique piece of property); *Miller v. Hayman*, 766 So. 2d 1116 (Fla. 4th DCA 2000) (holding that Florida Statute § 768.79 is not applicable to will revocation proceedings); and *Nat'l. Indem. Co. of the S. v. Consol. Ins. Servs.*, 778 SO. 2d 404, 408 (Fla. 4th DCA 2001) (finding that Florida Statute § 768.79 did not apply where the real issue in the case was insurance coverage for an underlying tort action)

3 (D.E. #195 at 15).

4 Hartford's claims against Crum & Forster relate to the construction of a condominium. M&S served as the general contractor for the project. Hartford, as surety, issued payment and performance bonds for the project on behalf of M&S. Crum & Forster issued a general liability policy to M&S for 2003. After Hurricane Wilma in October of 2005, M&S was sued for construction defects related to the project. Hartford responded under its bond, and requested that

Agreement). In Count I of its complaint, Hartford asked the Court for "judgment against Crum & Forster and in Hartford's favor ... in the amount of $1,478,839.69 ..., as well as pre-judgment interest."[5] In Count II of its complaint, Hartford asked the Court for "judgment against Crum & Forster *for damages* in the amount of $739,419.85 plus pre-judgment interest, reasonable costs, and any further relief that this Court deems proper and just."[6] Therefore, the Court finds that the instant case is a civil action for damages, to which the Offer of Judgment Statute applies.

Hartford also argues that Crum & Foster's *counterclaims* do not state a civil action for damages.[7] Hartford cites no authority suggesting that under Florida law, a defendant's counterclaims can remove an action from the purview of § 768.79.

The Court therefore concludes that Hartford's failure to accept Crum & Forster's December 1, 2011 Proposal for Settlement, coupled with the ultimate determination by the Court in favor of Crum & Forster in its Final Judgment of June 21, 2012, that Fla. Stat. § 768.79 does govern the merits of this portion of the Motion for Fees and Costs.

---

Crum & Forster indemnify and defend M&S. In 2007, counsel for the parties entered a defense agreement contract, whereby Crum & Forster consented to counsel for Hartford's continued defense of M&S. The agreement provided for certain litigation guidelines that would govern M&S's defense.

    5 (D.E. 1 at 6).

    6 (D.E. 1 at 7) (emphasis added).

    7 (D.E. 226 at 5).

Defendant Crum & Forster is entitled to recover its reasonable attorney's fees and costs incurred from December 1, 2011.

### A. Loadstar Application.

"Florida has adopted the federal lodestar approach as the foundation for setting reasonable fee awards." *Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No. 8:10-CV-996, 2011 WL 3793457, at * 3 (M.D. Fla. Aug. 25 2011) (citing *Standard Guaranty Ins. Co. v. Quanstrom,* 555 So. 2d 828 (Fla. 1990)). "To determine the loadstar, the reasonable hourly rate is multiplied by the amount of hours reasonably expended on the litigation." *Protective Life Ins. Co. v. Walker,* No. 8:09-CV-363, 2010 WL 1949620, at * 2 (M.D. Fla. May 14, 2010) (citing *Florida Patient's Compensation Fund v. Rowe,* 472 So. 2d 1145, 1151 (Fla. 1985). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery,* 836 F. 2d 1292, 1299 (11th Cir. 1988). "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*

Crum & Forster attaches herein as Exhibit "D", the Affidavit of its fee expert Philip Glatzer, Esq. Mr. Glatzer is a partner with the Miami, Florida law firm **Marlow, Connell, Abrams, Adler, Newman & Lewis, P.A.**, and formerly a partner at **Highsmith, Strauss and Glatzer, P.A.** Mr. Glatzer was admitted to the Florida Bar in 1978, and for the past thirty years, his practice has been devoted almost exclusively to insurance related

litigation matters, including insurance coverage litigation. (Affidavit of Philip Glatzer at ¶ 1).

As set forth in his Affidavit, the hourly rates charged by Crum & Forster's counsel and paralegals in this case are reasonable and in line with the customary rates charged by insurance defense law firms in Miami, Florida.[8] (Id. at ¶ 6) Mr. Glatzer further opines that the total number of hours claimed by Thornton, Davis & Fein, P.A. in connection with the defense of Crum & Forster (for the period December 1, 2011 through June 21, 2012) "is entirely reasonable in light of the extensive labor required to complete the legal tasks involved." (Id. at ¶¶3 and 6).

The Court accepts the expert opinion of Mr. Glatzer as a correct and proper opinion upon which the Court can rely in determining the issues presented by this Motion.

Hartford has specific objections to Crum & Hartford's Motion for Fees in addition to its general objections. These objections fall into two basic categories: (B.) objections to fees, and (C.) objections to non-taxable costs. The Court's analysis of each category follows.

---

8 Crum & Forster notes that the rates charged by its attorneys and paralegals in the present case in 2011-2012 are significantly less than the rates charged in 2007-2009 by the attorneys and paralegals at Carlton Fields, defense counsel for Hartford and Miller & Solomon, in the underlying lawsuit. In this regard, the hourly rates of partners Patricia Thompson and Timothy Taylor, ranged from $265-$325. The hourly rate of associate Kasey Peake was as high as $230 and $260 and the hourly rate of paralegal Soraida Smith was as high as $165-$170.

### B. Hartford's Objections to Crum & Forster's Fees.

1. *Needless discovery.*

This discovery includes review of thousands of pages of documents and depositions. (D.E. 226) Crum & Forster responds that the documents and depositions were used to distinguish those expenses related to the defense of the underlying litigation and those related to repairing the subject condominium. Crum & Forster also notes that both parties relied on most of the challenged depositions in pleadings. (D.E. 233) The Court finds that the discovery related to the underlying litigation was not needless. Therefore, Crum & Forster may recover reasonable fees related to investigating the underlying litigation.

2. *The Court's ultimate exclusion of Crum & Hartford's expert testimony does not bar recovery of those fees related to the expert.*

Hartford argues that Crum & Forster may not recover any of the billing entries related to Crum & Forster's expert because the expert was excluded by the Court.[9] Crum & Forster responds that the use of its expert was directly related to its defense and to trial preparation.[10] In addition, Crum & Forster argues that its expert was retained to rebut the evidence offered by Hartford's expert. Although the Court ultimately excluded Crum & Forster's expert, this did not make this an unreasonable expense in Crum & Forster's

---

9 (D.E. 226 at 14).

10 (D.E. 233 at 9).

preparation of its defense when the expense was incurred by Crum, and therefore the Court finds that Crum & Forster may recover those fees related to its expert.

### 3. *Fees related to challenging the Court's exclusion of Crum & Forster's expert.*

Hartford also argues that Crum & Forster may not recover for those fees associated with seeking reconsideration of the Court's exclusion of Crum & Forster's expert. Crum & Forster does not respond to Hartford's objection. The Court finds Hartford's objection well taken that Crum & Forster is not entitled to recover fees for the hours it chose to spend seeking reconsideration of the Court's decision in an amount of $4,244.50.

### 4. *Fees related to work performed by legal assistants.*

Hartford raises several objections to Crum & Forster's legal assistant and paralegal fees. Hartford objects to the number of hours billed by legal assistants and paralegals as well as the rate at which they were billed. The Court's analysis of these objections follows.

#### i. Number of hours.

Hartford argues that the billing entries associated with Crum & Forster's legal assistants is largely for clerical and secretarial work. Hartford also argues that the billing associated with the legal assistants and paralegals contain duplicative, redundant, excessive, unnecessary, and block billing entries. Hartford's objections are unclear.[11]

---

11 Some of Hartford's objections are generally directed towards types or groups of billing entries, but do not direct the Court to specific billing entries. Other objections are directed towards specific billing entries, but are conclusory. Some of Hartford's proposed reductions may

Instead, Hartford attaches nearly 150 unnumbered pages with entry-by-entry, boilerplate objections in small, non-standard font. Crum & Forster responds by stating that none of these entries are improper. After a review of Crum & Forster's billing entries attributed to legal assistants or paralegals, and Hartford's corresponding objections, the Court finds that some of these entries are examples of block billing. The Court also finds that some entries lack sufficient detail to determine whether they are duplicative, redundant, excessive, or unnecessary. Therefore, the Court will reduce the total number of hours billed by legal assistants and paralegals for which Crum & Forster may recover by 20%.

> ii. The rate at which Crum & Forster billed for work performed by legal assistants and paralegals is reasonable.

Hartford argues that the rate at which Crum & Forster billed for work performed by legal assistants and paralegals should be reduced. The qualifications of Crum & Forster's legal assistants and paralegals range between a Bachelor's degree and twenty years of experience, to an Associate's degree and two years of experience. Prior to May 1, 2012, Crum & Forster fails to identify by name the individual legal assistant or paralegal

---

be multiple attempts to reduce a single fee, expense, or cost without introducing a substantively new objection. It is difficult to tell because Hartford's Response simply refers to Exhibit A, (D.E. 226-1), when presenting the final amount to be reduced. Exhibit A is a 148 page document that lists proposed reductions on an hour-by-hour, line-by-line basis in table format. Hartford also attaches its fee expert's affidavit to the motion. Neither document contains an explanation of how the final reductions requested were reached, nor to what extent reductions overlap. For example, Hartford requests a reduction for secretarial tasks and a reduction because the legal assistant and paralegal entries prior to May 1, 2012 did not list a specific legal assistant or paralegal. Taken together, these two reductions alone exceed the total amount of legal assistant and paralegal fees that Crum & Forster requests by over $47,000.

associated with each billing entry. The Court cannot determine which individual legal assistant or paralegal performed the work in each billing entry.

Hartford argues that, as a result, the rate at which Crum & Forster may recover fees for their legal assistants and paralegals should be the lowest rate among them. And because these entries are all billed at $85.00, Hartford argues that the Court must select a new, reasonable rate.

Hartford suggests that a reasonable rate for a legal assistant or paralegal with an Associate's degree and two years of experience is $15.00 per hour. Therefore, Hartford argues, the rate of every entry related to work performed by a legal assistant or paralegal should be reduced to $15.00 per hour. Crum & Forster responds that $85.00 per hour is reasonable for each of the legal assistants and paralegals that appear in the billing records, regardless of their individual qualifications.[12]

Neither party cites any legal authority suggesting a reasonable rate for legal assistants or paralegals in Miami. However, a review of cases from other large cities in

---

12 Crum & Forster makes three additional responses. First, that it can provide information detailing which individual legal assistants and paralegals are associated with each individual time entry. However, it did not provide that information in the original records that it submitted to the Court and to Hartford. Nor has it provided that information to date. Second, that Hartford's failure to submit an affidavit detailing the rates of its own paralegals violates S.D. Fla. L.R. 7.3(8) and therefore negates Hartford's objections. The Court finds that $85.00 per hour is a reasonable fee on other grounds, and need not reach this issue. Finally, that Hartford's paralegals billed at a rate as high as $170.00, citing bills from Hartford's counsel, (D.E. 209-8). A review of the bills, (D.E. 209-8) does indicate that certain individuals billed at a rate of around $170 per hour. Those individuals are distinguished on the billing records by asterisks next to their names. However, no explanation is made of the asterisks in the billing records. Therefore, the Court does not have enough information to evaluate this argument.

Florida[13] suggests that $85.00 is a reasonable rate. Therefore, the Court finds that $85.00 per hour is a reasonable rate for all the legal assistants and paralegals for which Crum & Forster seeks fees.

### C. Non-Taxable Costs

Hartford argues that Crum & Forster may not recover any costs beyond those recoverable under 28 U.S.C. § 1920. Hartford cites *Kearney v. Auto-Owners Ins. Co.* (No. 8:06-cv-00595-T-24-TGW, 2010 WL 3062420 (M.D. Fla. 2010)), to support its position. In *Kearney*, the court was faced with a motion for fees and costs pursuant to the Offer of Judgment Statute and attendant objections similar to those in the instant case. The court explained that federal courts only permit recovery of non-taxable costs "where a statute 'explicitly' authorizes it to do so, or a court explicitly declares that the statute creates a substantive right to costs." The court went on to explain that neither the language in the Offer of Judgment Statute nor relevant Florida caselaw goes far enough to create a substantive right to costs. Therefore, the court concluded that while the Offer of Judgment Statute is substantive law for *Erie* purposes as to attorney's fees, it is only procedural law as to costs. Instead, costs remain governed by 28 U.S.C. § 1920.

---

13 *See e.g. Pyczynski v. Kirkland's Stores, Inc.*, No. 6:07-cv-802-Orl-22-KRS, 2008 WL 544864, at *3 (M.D. Fla. 2008) (finding reasonable a rate of $95.00 per hour for a paralegal with nine years of experience and $65.00 per hour for an administrative assistant who did basic paralegal work); *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24-TGW, 713 F.Supp.2d 1369, 1376-77 (M.D. Fla. 2010) (setting a rate of $65.00 per hour for an entry-level paralegal for two different paralegals whose identity, and therefore qualifications, the court could not determine).

Crum & Forster responds that S.D. Fla. L.R. 7.3(a) permits a prevailing party to seek recovery of non-taxable expenses and costs. Crum & Forster is correct that the local rule permit a party to seek non-taxable costs, for example where authorized by statute or as sanctions. Therefore, Crum & Forster is not entitled to any non-taxable costs, including the costs and fees for its expert,[14] travel expenses, Westlaw and LexisNexis research costs, and costs for background checks.

### III. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED**, and **DECREED** that:

1. Defendant, Crum & Forster Specialty Insurance Company's Verified Motion for Attorney's Fees and Non-Taxable Expenses and Costs Against Plaintiff, (**DE 209**), be, and the same is hereby, **GRANTED in part** and **DENIED in part**, and

2. Defendant, Crum & Forster Specialty Insurance Company, is hereby entitled to **$259,592.50 in fees** pursuant to Florida Statute § 768.79 and against Hartford Casualty Insurance Company.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal

---

14 Only the $20,885.83 Crum & Forster seeks to recover related directly to "utilizing the services" of its expert; not the time billed by Crum & Forster's counsel which the Court has previously discussed. *See* (D.E. 209 at 6).

Justice Building and United States Courthouse, Miami, Florida, this 15th day of November, 2012.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Copies furnished to:

*Counsel for Hartford:*
**Miguel Angel Brizuela, Esq.**
Taylor Vega, P.A.
2555 Ponce De Leon Boulevard
Suite 220
Coral Gables, FL 33134
Email: mbrizuela@taylorvega.com

**Elaine Witherspoon, Esq.**
Vezina, Lawrence, & Piscitelli, P.A.
121 Alhambra Plaza
Suite 1604
Coral Gables, FL 33134
Email: ewitherspoon@vlplaw.com

**Timothy Shane Taylor, Esq.**
Taylor Vega, P.A.
121 Alhambra Plaza
Suite 1604
Coral Gables, FL 33134
Email: ttaylor@taylorvega.com

*Counsel for Crum & Forster:*
**Holly S. Harvey, Esq.**
Thornton Davis & Fein
Brickell Bay View Centre
80 SW 8th Street
Suite 2900
Miami, FL 33130
Email: harvey@tdflaw.com

**Michael Charles Gordon, Esq.**
Thornton, Davis & Fein, P.A.
80 SW 8th Street
Suite 2900
Miami, FL 33130
Email: gordon@tdflaw.com

*Counsel for Westchester*:
**Aaron B. Tilley, Esq.**
Cozen O'Connor
45 Broadway
28th Floor
New York, NY 10006
Email: atilley@cozen.com

**Anaysa Gallardo, Esq.**
Cozen O'Connor
200 S Biscayne Boulevard
Suite 4410
Miami, FL 33131
Email: agallardo@cozen.com

**Bryan P. Vezey, Esq.**
Cozen O'Connor
1221 McKinney Street
One Houston Center Suite 2900
Houston, TX 77010
Email: bvezey@cozen.com

**Joseph A. Ziemianski, Esq.**
Cozen O'Connor
1221 McKinney Street
One Houston Center Suite 2900
Houston, TX 77010
Email: jziemianski@cozen.com

**Richard Michael Dunn, Esq.**
Cozen O'Connor
200 S Biscayne Boulevard
Suite 4410
Miami, FL 33131
Email: rdunn@cozen.com